## HIATT v. HIATT and Another.

STATUTE OF FRAUDS.—The statute of frauds expressly provides that the consideration of a contract to answer for the default, &c., of another need not be set forth in the writing, but may be proved.

APPEAL from the *Grant* Common Pleas.

ELLIOTT, C. J.—Suit by the appellees against the appellant on the following obligation:

"*May* 8th, A. D. 1854. Know ye, that I, *Esther Hiatt*, do hereby bind myself to stand between *Jesse* and *Elam Hiatt*, and secure *Jesse* and *Elam* from any loss whatever by *Eli Hiatt*, in case the said *Jesse* and *Elam* would go *Eli's* security on guardian's bond for *Elijah* and *Nathan Hiatt*.

"ESTHER HIATT."

The complaint alleges, *inter alia*, that the obligation was

given in consideration that the plaintiffs would become the sureties of *Eli Hiatt* on his bond as guardian of *Elijah* and *Nathan Hiatt*, who were infants, and for the purpose of indemnifying and saving them harmless as such sureties; that on the same day said obligation was given, the said *Eli Hiatt* was duly appointed guardian of said *Elijah* and *Nathan Hiatt*, and the plaintiffs became the sureties on his bond, as such, in the sum of $6,000; that as such guardian, the said *Eli* afterwards received property and money of his said wards, amounting to $2,000, which he converted to his own use, and became insolvent, and wholly failed and refused to account for said money; that suit was subsequently brought on his said bond as such guardian, and judgment recovered therein against the plaintiffs, in the *Grant* Circuit Court, for the sum of $1,750 05, which, together with interest thereon, amounting in the whole to $1,856 46, they subsequently paid; that the said *Esther* has failed and refused to indemnify and save them harmless, as by the terms of said obligation she was bound to do.

Answer in six paragraphs. Demurrers were sustained to the second and fourth, and issues were joined on the others. Trial and verdict for the plaintiffs. Motion for a new trial by the defendant overruled, and judgment.

The first question discussed by the appellant's counsel relates to the sufficiency of the complaint. It is insisted that the court, instead of sustaining the demurrer to the second paragraph of the answer, should have sustained it to the complaint. The objection urged to the complaint is, that the obligation on which the suit is founded does not state a consideration, and is therefore void, under the statute of frauds. This question is settled to the contrary by an express provision of the statute of frauds, which enacts that "The consideration for any such promise, contract, or agreement need not be set forth in such writing, but may be proved." 1 G. & H. § 2 p. 351. It may also be remarked, in reference to the obligation in the case before us, that although it is not aptly worded, it is manifest from its lan-

guage, that it was given in consideration that the plaintiffs below would become the sureties of *Eli* on his bond as guardian. The court did not err in overruling the demurrer to the complaint.

It is also insisted that the second paragraph of the answer is sufficient as a bar to the action. We think otherwise. But as no abstract of that paragraph is furnished by the appellant, we decline a more particular notice of it.

The judgment is affirmed.

*J. Brownlee,* for appellant.

*A. Steele* and *R. T. St. John,* for appellees.