## KLINE *v.* RAYMOND ET AL.

70 271
f153 193

GUARANTY.—*Absolute.*—*Notice of Acceptance and Default.*—*Demand.*— A complaint declared upon an instrument executed by the defendant to the plaintiff, and reading, " I hereby guarantee the payment of six hundred dollars to ' the plaintiff, "for goods bought by" B. on certain specified terms, alleging a sale by the plaintiff to B., on the strength of such instrument, and also alleging a failure by action, judgment and execution, to collect of B., who was wholly insolvent.

*Held*, on demurrer, that such guaranty was absolute, and that the defendant was not entitled to either notice of its acceptance by the plaintiff, to notice of the default of B., nor to a demand for payment.

SAME.—*Alteration.—Agreement of Debtor to procure Co-Guarantors.—Notice of.—Answer.*—A verified answer in such action alleged, that the defendant had executed an instrument reading "*We* hereby guarantee," etc., upon the promise of B. to obtain additional guarantors, which he had not done ; and that he had altered the same, before delivery, so that it read "*I* hereby guarantee," etc.

*Held*, on demurrer, that notice of such agreement to procure co-guarantors was necessary, to bind the plaintiff, and that the alteration charged is immaterial.

From the Delaware Circuit Court.

*W. March* and *C. E. Shipley*, for appellant.

*J. N. Templer* and *R. S. Gregory*, for appellees.

NIBLACK, J.—This was a suit by Henry N. Raymond and three other persons, partners doing business under the name of Raymond, Lowe & Co., against William B. Kline, upon a written guaranty for the payment of the debt of another.

The complaint averred that on the 3d day of April, 1872, one George H. Baxter, then a merchant doing business at Muncie in this State, bought of the plaintiffs, at their wholesale house, in Cleveland, Ohio, a certain quantity of merchandise, and that, for the purpose of inducing the plaintiffs to extend credit to the said Baxter, the defendant executed and delivered to the plaintiffs his written guaranty, as follows :

"$600. I hereby guarantee the payment of six hundred dollars to Raymond, Lowe & Co., Cleveland, Ohio, for goods bought April 3d, 1872, by G. H. Baxter, Muncie, Indiana, the terms being for net goods 60 days, and time goods 4 months. This guaranty shall cover any balance in account, not exceeding the amount above named. Invoice not made out, and may exceed the amount guaranteed by $200 or $300.

(Signed)                    "W. B. KLINE."

That, in consideration of the stipulations contained in said guaranty, the plaintiffs delivered said merchandise to said Baxter and extended a credit to him of sixty days on some of the goods, and of four months on the rest; that on the 21st day of October, 1872, said merchandise remaining unpaid for, the plaintiffs brought suit in the Delaware Circuit Court, against Baxter, to recover its value; that such proceedings were had that on the 28th day of September, 1874, the plaintiffs recovered a judgment against Baxter for more than twelve hundred dollars; that an execution was issued on that judgment, to which there was a return of *nulla bona ;* and that Baxter was wholly insolvent and the sum of money covered by the defendant's guaranty remained unpaid.

A demurrer to the complaint was overruled and the defendant answered:

1. In general denial;

2. Denying the execution of the instrument in writing sued upon; and,

3. That, at the time the written guaranty sued on was signed by the defendant, it was agreed between him and the said Baxter, to whom it was delivered after it was signed, that, before its delivery to the plaintiffs, such guaranty should also be signed by other responsible parties as coguarantors with the defendant; that, at the time said guaranty was signed by the defendant, and so delivered to Baxter, it commenced in these words, "We hereby guarantee," and that, after its delivery to Baxter, it was by some person unknown to the defendant, and without his knowledge or consent, altered by striking out the word "We" and inserting the word "I" in lieu thereof, so as to make the instrument read "I hereby guarantee." Wherefore the defendant averred the alleged guaranty was not his act and deed.

"The second and third paragraphs of the answer were

verified by the oath of the defendant. A demurrer was sustained to the third paragraph of the answer. The cause was thereupon submitted to the court for trial, and there was a finding and judgment for the plaintiffs, for the amount claimed to be covered by the guaranty, with interest.

The only questions discussed here are those arising upon the overruling of the demurrer to the complaint and the sustaining of the demurrer to the third paragraph of the answer.

The objection to the complaint is, that it contained no averment of notice to the defendant either of the acceptance of the guaranty or of Baxter's default in making payment for the goods referred to in the guaranty.

When considering the question of a guarantor's right to notice of the acceptance of his guaranty a distinction must be observed between a mere offer or proposition to guarantee and an actual guaranty. Where the guaranty is made only as an offer or a proposition, there must be notice of the acceptance of it, but, where the undertaking is absolute, notice is unnecessary. 2 Story Contracts, sec. 1133.

Where the contract of guaranty absolutely and unconditionally provides that a debtor shall pay a given sum at a stated time, no demand of payment on the principal, or notice of his default, is necessary before suing the guarantor. Brandt Suretyship & Guaranty, p. 242, sec. 170; 2 Parsons Contracts, p. 12, sec. 4.

Where one writes "I hereby guarantee you," etc., and delivers the paper, that is not an offer or proposition to guarantee, but is an absolute and complete guaranty, and binds the party making it, without further action on the part of him who receives it. 1 Parsons Contracts, p. 479; *Taylor* v. *Taylor*, 64 Ind. 356; *Frash* v. *Polk*, 67 Ind. 55; *Milroy* v. *Quinn*, 69 Ind. 406.

Tested by the general propositions announced as above, the guaranty sued on in this case was an absolute guaranty for a definite sum, requiring no notice either of its acceptance or of the default of Baxter. There was, consequently, no error in overruling the demurrer to the complaint.

The third paragraph of the answer was obviously bad upon demurrer. It did not aver that the plaintiffs had notice, either actual or constructive, of the alleged agreement that other persons were also to sign the guaranty; and, hence, the agreement was not shown to have been binding upon them. *Deardorff* v. *Foresman*, 24 Ind. 481; *The State, ex rel.*, v. *Blair*, 32 Ind. 313.

The alteration charged to have been made in the guaranty, after its delivery to Baxter, was, as we think, an immaterial alteration. When signed only by the defendant, the guaranty was his several obligation, whether commencing, "We hereby guarantee," or "I hereby guarantee." No injury was, therefore, inflicted upon the defendant by the supposed alteration. *Maiden* v. *Webster*, 30 Ind. 317; *Groves* v. *Stephenson*, 5 Blackf. 584.

We also see no error in the proceedings below.

The judgment is affirmed, with costs.