Filed June 21, 1887.

————◆————

No. 12,573.

THE FURST & BRADLEY MANUFACTURING COMPANY
v. BLACK ET AL.

GUARANTY.— *Notice of Acceptance by Guarantee.— When Necessary.*—Where there is a mere proposal on the part of those sought to be charged as guarantors to guaranty the faithful performance of some obligation which another may enter into, provided credit shall be extended, or a duty undertaken, the contract of guaranty is incomplete until the original obligation is entered into and the proposition of guaranty accepted, and due notice thereof given to the guarantors.

SAME.— *When Notice of Acceptance Unnecessary.*—Where a guaranty is for the fulfilment of a contract already made, or for one executed contemporaneously with the contract of guaranty, or for the payment of an existing debt, or where the contract of guaranty is upon a consideration distinct from the credit extended to the principal debtor, and which

The Furst & Bradley Manufacturing Company *v.* Black *et al.*

moves directly between the guarantor and guarantee, notice of acceptance is unnecessary.

SAME.—*Direct Guaranty.—When Guarantors Entitled to no Notice of Default.*—An engagement on the part of guarantors or sureties themselves to pay or perform absolutely, and at all events, the contract of their principal, is in its nature original, direct and absolute, and the promisors are entitled to no notice of the default of their principal.

SAME.—*Indirect and Collateral Guaranty.—When Guarantors Entitled to Notice of Principal's Default.*—Where guarantors agree that their principal will perform his contract, they not engaging to perform it in case he makes default, the guaranty is indirect and collateral, and the guarantors are entitled to notice of the default of the principal.

SAME.—*Failure to Give Notice.—Defence.*—The failure of the guarantee to give notice to the guarantor of the ·default of the principal debtor, where such notice is required, and the damages resulting from such failure, are matters of defence, and should be specially pleaded.

From the Jasper Circuit Court.

*S. P. Thompson,* for appellant.

*F. W. Babcock* and *E. P. Hammond,* for appellees.

MITCHELL, J.—On the 26th day of February, 1878, Samuel M. Black, residing at Remington, Indiana, signed and transmitted to Henry J. Prier, of Indianapolis, Indiana, the following order and proposal:

" H. J. PRIER, INDIANAPOLIS, INDIANA:

" Please have manufactured for us, and deliver at the depot in Chicago, which you will ship to Remington *via* Logansport railway, by ——— or within ten days thereafter, the goods specified in this list, for which we agree to pay as follows, viz. : " (Here follows a list of the articles to be shipped, with time of credit and rate of discount).

" We also agree to settle for the same monthly, by notes, or notes with security, due as above, and to pay interest at the rate of ten per cent. per annum on all notes and accounts after maturity, and to remit with exchange on New York or Chicago, or by express, charges prepaid.

" We further agree to pay for all goods shipped us for this season's trade subsequent to those now herein ordered, on

same terms as above, all payable without relief from valuation or appraisement laws.                    S. M. BLACK."

Upon the back of this order there was endorsed the following contract of guaranty:

" For and in consideration of the credit which H. J. Prier may extend to S. M. Black, and in further consideration of one dollar to me in hand paid by H. J. Prier, the receipt of which is hereby acknowledged, I hereby guarantee to him the fulfilment of the within contract on the part of the said S. M. Black, and the payment by S. M. Black to H. J. Prier or order, without demand, of all moneys for the payment of which the said S. M. Black may become liable under this contract, including all implements that may be ordered of the said H. J. Prier subsequent to this date and during the year 1878.

" I further guarantee to the said H. J. Prier the payment of all notes that may be taken by him in part or full payment of all sums for which he may become liable under this contract, including in the above guarantee the payment of all notes made by any other person whatever that may be transferred to said H. J. Prier by S. M. Black. Payable without relief from valuation or appraisement laws.

"A. M. TRAUGH.
"S. N. SNODDY.
"S. A. HENRY."

The order or agreement proposed by Black was accepted by the following endorsement written thereon:

" H. J. Prier agrees to accept the above order on conditions named, or notify you within twenty days from this date.                    H. J. PRIER."

In a complaint upon the contract of guaranty set out above, it was alleged that, on the 10th day of August, 1878, Prier and Black had a settlement and accounting of their dealings under the foregoing contract, at which it was found that there was due from Black to Prier the sum of about thirteen hundred dollars, on an account stated, which account,

with the contract of guaranty, was assigned to the plaintiff. The complaint avers that the guarantors had been duly notified of the indebtedness, and that Black had become wholly insolvent and a non-resident of the State.

The guarantors answered in four paragraphs: general denial, payment, set-off and accord and satisfaction. There was a verdict and judgment for the guarantors.

With their general verdict the jury returned answers to interrogatories submitted by the parties respectively. The errors assigned are, overruling the appellant's motion for judgment on the answers to the special interrogatories, notwithstanding the general verdict, and overruling the motion for a new trial.

On the trial the defendants were permitted to give evidence tending to prove that in 1878, when the debt sued for matured, their principal was a resident of the State and solvent; that they received no notice of his default until this suit was brought in 1884, and that meanwhile he had become wholly insolvent and a non-resident of the State.

The court gave the case in charge to the jury distinctly upon the theory that the guarantors were legally discharged, in the event the evidence established the foregoing facts.

By the answers to the special interrogatories, these facts were all expressly affirmed by the jury. The case presents two abstract propositions of law growing out of the contract upon which the suit is based. It is made a question whether or not the guarantors are liable, in the absence of notice that the contract of guaranty had been accepted. Another question is, whether or not they were entitled to notice of the default of their principal, and whether, if they were, the failure to give notice of the default and the subsequent non-residence and insolvency of Black operated to discharge the guarantors under the issues upon which the case was tried. As to the necessity of notice of acceptance: It is unquestionably true that a contract of guaranty is a transaction between the guarantor and guarantee, and is separate and, in many re-

spects entirely distinct from the contract between the latter and the principal. In order to the completion of such a contract, it is essential, as in all other contracts, that the minds of the parties shall have mutually assented to its terms. Where, therefore, there is a mere proposal, on the part of those sought to be charged as guarantors, to guarantee the faithful performance of some obligation which another may enter into, provided credit shall be extended or a duty undertaken, the authorities all agree that the contract remains incomplete until the original obligation is entered into and the proposition of guaranty accepted and due notice thereof given. This is so, upon the familiar principle that, while the proposition remains pending, without notice of acceptance, that simultaneous concurrence of mind essential to the completion of a contract has not taken place. Where, however, the guaranty is for the fulfilment of a contract already made, or for one executed contemporaneously with the contract of guaranty, or for the payment of an existing debt, or where the contract of guaranty is upon a consideration distinct from the credit extended to the principal debtor, and which moves directly between the guarantor and guarantee, notice of acceptance is unnecessary. In such cases the acceptance of the guaranty, and the performance of the consideration upon which it rests, are all that are essential to make the contract complete and enforceable. *Davis* v. *Wells*, 104 U. S. 159; *Wills* v. *Ross*, 77 Ind. 1 (40 Am. R. 279); *Kline* v. *Raymond*, 70 Ind. 271; *Cooke* v. *Orne*, 37 Ill. 186.

The contract here in question purports to have been made, in part, at least, upon an independent consideration, the receipt of which the guarantors acknowledged. It bears upon its face indisputable evidence that the contract between the guarantee and the principal debtor had either been concluded or that the two contracts were executed as parts of the same transaction. The form of the obligation is that of a present undertaking, and purports to be an absolute guaranty of the fulfilment of an existing, consummated

The Furst & Bradley Manufacturing Company v. Black *et al.*

contract. Notice of its acceptance was, therefore, not necessary.

In respect to the second proposition: The first branch of the contract presents the case of an indirect collateral guaranty. It is an engagement, in terms, to guarantee the performance of a contract by a third person. The guarantors agree that Black will perform his contract, and that Black will make monthly settlements and deliver notes, or pay all moneys for which he may become liable under his contract. In short, the guarantors undertake to answer for the ability and fidelity of their principal in respect to the performance of his contract. They do not assume or engage to perform the contract in the event their principal makes default. This is the feature of their contract which makes it collateral and distinguishes it from the direct engagement of a surety to perform the undertaking or contract of his principal. *Ward* v. *Wilson,* 100 Ind. 52 (50 Am. R. 763); *LaRose* v. *Logansport National Bank,* 102 Ind. 332; *Reigart* v. *White,* 52 Pa. St. 438; *Woods* v. *Sherman,* 71 Pa. St. 100.

There is, as was said in *Riddle* v. *Thompson,* 104 Pa. St. 330, a radical distinction between the liability of a surety and one who assumes a collateral obligation to guarantee the payment of the debt of another, yet the language of the agreement which shall constitute the one or the other has not always been clearly defined by the authorities. Where the form of the contract is that of an original and absolute undertaking to pay the debt of another, the liability of the promisor is that of a surety; but where the agreement is that another shall pay in the first instance, and the promisor becomes liable only for the default of the other, the contract is one of strict guaranty. *Allen* v. *Hulbert,* 49 Pa. St. 259.

Usually the contract of the guarantor is to answer for the default of his principal, if by the use of due diligence loss results from such default, while the surety is responsible at once upon his direct engagement to pay.

The latter branch of the contract is a direct guaranty of

the payment of all notes that the guarantee should thereafter take from the principal debtor in payment of any indebtedness which might accrue under the contract into which the guarantee and debtor had entered. That part of the contract affords an apt illustration of a direct engagement on the part of guarantors or sureties themselves to pay or perform absolutely and at all events the contract of their principal. Such engagements are, in their nature, original, direct and absolute, and the promisor must himself take notice of the default of his principal. *Frash* v. *Polk,* 67 Ind. 55; *Burnham* v. *Gallentine,* 11 Ind. 295; *Kirby* v. *Studebaker,* 15 Ind. 45; *Kline* v. *Raymond,* 70 Ind. 271; *Watson* v. *Beabout,* 18 Ind. 281; *Ward* v. *Wilson, supra.*

The contract of Black, the principal, required him to make monthly settlements with Prier, and either pay or give notes for such sums as he might be liable for under his contract. The first branch of the contract of guaranty was, in effect, an engagement that Black would faithfully perform that part of his contract, and either pay or execute notes according to his agreement with Prier. By the latter branch of the contract, the payment of all notes so delivered by Black in part or full payment of sums for which he might become liable was guaranteed.

The liability for which suit was brought accrued under the first branch of the contract of guaranty. Black failed either to pay or to give notes, according to his agreement with Prier; hence, the suit for an unliquidated account, or at least for an account not settled according to the agreement. Of the failure to make such settlements the guarantors were entitled to notice, to the end that they might be advised of the nature and extent of the unliquidated and unascertained liability of their principal. They were willing, we must assume, to undertake directly and absolutely to pay notes, the amount of which might be conveniently ascertained and known, and for which they might take steps to indemnify themselves, but they were unwilling to answer absolutely for

unsettled accounts. In respect to these their engagement was that their principal would make settlements according to his contract, and in the event of failure, they agreed, upon receiving due notice thereof, to pay the resulting damage growing out of their principal's default.

It follows that the guarantors were entitled to timely notice of the default of their principal in failing to make settlements according to his contract, to the end that they might have taken steps to indemnify themselves from the loss which resulted from the want of such notice.

The failure to give notice, and the resulting damage were, however, matters of defence. *Ward* v. *Wilson, supra,* and cases cited. There was, as we have seen, no issue under which such a defence could properly have been made. There was no answer alleging the failure to give notice, the solvency of the principal when the obligation of the guarantors matured, and his subsequent insolvency and non-residence. Neither the failure to give notice of the principal's default, nor the fact that he was insolvent and a non-resident when the suit was commenced, was in itself sufficient to discharge the guarantors. In order that they may be exonerated, it must appear by proper averment and proof that the failure to give notice had resulted in injury to the appellees. To the extent that they have been injured they will be discharged. In order to make it appear that they have been injured, they must aver and prove that their principal was solvent at the time of or since the default, and that he has since become insolvent or a non-resident, without property subject to execution within the State.

The allegations found in the complaint upon the subject of notice and insolvency can not be made available as a foundation upon which to predicate a defence, that the guarantors were injured by the failure to give notice. It was, therefore, error to admit evidence upon the subject of the principal's insolvency, because there was no issue to which such evidence was pertinent. For the same reason the instructions

upon that subject were improperly given.   It is essential to
the orderly administration of justice that cases should be
tried upon the issues as they are made by the pleadings.
The conclusions thus reached cover the merits of the contro-
versy, and render it unnecessary that some minor questions
which are presented in the briefs should be considered.

The judgment is reversed, with costs, with directions to the
court below to sustain the appellant's motion for a new trial,
and to grant leave to reform the issues, and for further pro-
ceedings not inconsistent with this opinion.

