Nading v. McGregor.

Filed Jan. 16, 1890.

---

No. 13,976.

## NADING v. McGREGOR.

GUARANTY.—*Original Undertaking.— What Constitutes.*—When an instrument of writing resolves itself into a promise or undertaking on the part of the person executing it to do a particular thing which another is bound to do, in the event such other person does not perform the act himself, it is an original undertaking, and not a strict or collateral guaranty.

VOL. 121.—30

SAME.—*Collateral Guaranty.*—*Absolute Promise to Pay.*—The following instrument of writing: "Columbus, Ind., July 30th, 1885. Mr. Nading, Esq., Hope, Indiana. Dear Sir—I have made a contract with Stephen A. Douglass for a lot of staves, to be delivered at Hope, Indiana. Any white or burr oak timber you may sell him I will stand good for, or, in other words, will guarantee the pay for it. Yours truly, J. A. McGregor," is not a strict or collateral guaranty, but is a direct, absolute and original promise to pay the person to whom it is addressed for any white or burr oak timber he might sell to the person named therein.

SAME.—*Notice of Acceptance and Default.*—*Delivery of Instrument.*—*Principal and Agent.*—The above contract being an original undertaking in the nature of a surety, the party signing it was not entitled to notice either of its acceptance or of the failure of the person named therein to pay. Its acceptance and the performance of the conditions upon which it rests is all that is necessary to make the contract complete and enforceable. By delivering the instrument to Douglass the appellee made him his agent to deliver it to the appellant.

From the Bartholomew Circuit Court.

*M. Hacker* and *W. T. Strickland,* for appellant.

*G. W. Cooper* and *C. B. Cooper,* for appellee.

COFFEY, J.—On the 30th day of July, 1885, the appellee executed the following instrument of writing, viz.:

" *Office of J. A. McGregor, Manufacturer and Dealer in Oil Barrel Staves.*

" COLUMBUS, IND., July 30th, 1885.

" MR. NADING, ESQ., HOPE, INDIANA :

"*Dear Sir*—I have made a contract with Stephen A. Douglass for a lot of staves, to be delivered at Hope, Ind. Any white or burr oak timber you may sell him I will stand good for, or, in other words, will guarantee the pay for it.

" Yours truly,      J. A. McGREGOR."

The appellant filed a complaint in the Bartholomew Circuit Court, consisting of two paragraphs, each of which is based upon the above instrument of writing.

The first paragraph alleges the execution of said writing by the appellee upon the consideration that the appellant would sell certain white oak and burr oak timber to Stephen A. Douglass ; that the appellant accepted the promise therein

contained, and on the faith thereof sold to the said Douglass certain white oak and burr oak timber at prices agreed upon between him and the said Douglass, amounting to $500, a bill of particulars of which is filed with the complaint; that although often requested so to do the appellee fails and refuses to pay for the same, and that the said sum is due and unpaid.

The second paragraph alleges that in consideration that appellant would sell and deliver to Stephen A. Douglass certain white oak and burr oak timber, the appellee guaranteed and promised the appellant by the writing above set out that he would be answerable for and stand good for the payment of said timber at the prices agreed upon between the appellant and the said Douglass; that he sold timber to said Douglass at an agreed price of $500 on the faith of said guaranty; that the said Douglass has not paid for the same. although often requested so to do, nor has the appellee paid for the same, though often demanded and requested so to do, and that the said sum is due and unpaid.

To this complaint the appellee filed an answer consisting of one paragraph, in which, after admitting the above writing, he avers that immediately after the delivery of the same to the appellant, without any notice to the appellee of its acceptance, the appellant sold and delivered to the said Stephen A. Douglass the staves and timber mentioned in the complaint under and in pursuance of a contract made between said appellant and the said Douglass, which said contract is in the words and figures following, to wit:

"HOPE, INDIANA, August 3d, 1885.

"This is to certify that I, this 3d day of August, 1885, have sold to Stephen A. Douglass white oak and burr oak timber enough for one hundred thousand (100,000) first-class oil barrel staves, for which the said Stephen A. Douglass agrees to pay $10 per thousand in the tree, and the said staves to be paid for when gotten out and delivered at Hope, Indiana; and pay day shall be on Saturday. I shall have my

·choice of taking stave count for log measure for logs in Hitchcock's mill-yard.                    SIMON NADING."

That he never received any answer from said written prop-·osition of guaranty mentioned in appellant's complaint, and did not know that the appellant had accepted the same, or was relying thereon until the 30th day of December, 1885, when appellant sent appellee a statement of the account between appellant and the said Douglass, and demanded payment of the same ; that at the time of said notice and demand said Douglass had sold all of said staves and timber, and had received the pay therefor, and was wholly insolvent and financially worthless, and soon thereafter removed from Bartholomew county, and his place of residence is now unknown ; that if appellant had notified appellee of his acceptance of said guaranty within a reasonable time, appellee could have secured himself ; that he did not know, and had no notice whatever of appellant's intention to hold him upon said proposition of guaranty until the aforementioned time ; that said Douglass was, and still is, indebted to the appellee, and he has no means of securing the same or the appellant's claim.

The court overruled a demurrer to this answer, to which the appellant excepted.

The appellant filed a reply, in two paragraphs. The first paragraph consists of a mere repetition of the allegations contained in the complaint.

It is alleged in the second paragraph that on the 30th day of July, 1885, the appellee had contracted with the said Douglass for the purchase of one hundred thousand staves, to be delivered at Hope, Indiana ; that at that time said Douglass had no staves with which to fill said contract, and was wholly dependent upon appellant and others to sell him timber with which to fill his contract with appellee ; that said Douglass was wholly insolvent, as was well known to both appellant and appellee ; that on account of such insolvency appellant refused to sell him timber ; that appellee was pecuniarily interested in said contract, and in the purchase

of said timber by the said Douglass; that when manufact-
ured into staves the same was to be delivered to the appel-
lee under his said contract with the said Douglass; that ap-
pellee, for the sole purpose of receiving the benefit of his
said contract with the said Douglass, and for the purpose of
procuring the staves contracted to be sold by the said Doug-
lass to him as aforesaid, made and delivered to the appellant
the writing set out and filed with the complaint; that rely-
ing on the promises therein contained, he delivered to the
said Douglass a large amount of oak timber, to wit: enough
to make seventy-five thousand staves, of the value of $500,
all which were received by the appellant; that said Douglass
was wholly insolvent, and failed to pay for the same, and
that appellee fails and refuses to pay for the same.

The court sustained a demurrer to each paragraph of said
reply, and the appellant excepted.

On leave given, the appellant filed a third paragraph of
complaint, which contains substantially the same allegations
as those contained in the second paragraph of the reply above
set out.

The appellee, extending the answer above set forth so as to
cover this third paragraph of the complaint, the court again
overruled a demurrer thereto, and the appellant failing and re-
fusing to plead further, the appellee had judgment for costs.

The assignment of errors calls in question the above sev-
eral rulings of the court.

It is earnestly contended by the appellant that the instru-
ment above set out, dated July 30th, 1885, is not a strict
guaranty, but constitutes an original undertaking on the part
of the appellee to pay for any white or burr oak timber pur-
chased by Douglass from the appellant, and that as it is an
original undertaking on the part of the appellee, no notice,
either of its acceptance or of the failure of Douglass to pay,
was necessary in order to bind the appellee.

On the other hand, it is contended with equal earnestness
on the part of the appellee, that said instrument of writing

amounts to nothing more than a mere proposition to guarantee the payment for timber purchased by Douglass, and that it was not binding on the appellee until notice of its acceptance, and that in any event to bind the appellee the appellant should have notified him within a reasonable time that he had sold Douglass the timber, and that he (Douglass) had failed to pay for it, to the end that the appellee might secure himself against loss.

It is often a question of very great difficulty to determine whether a particular instrument of writing constitutes a strict guaranty, or whether it constitutes an original undertaking. In a strict guaranty, the guarantor does not undertake to do the thing which his principal is bound to do, but his obligation is that the principal shall perform such act as he is bound to perform, or in the event he fails, that the guarantor will pay such damages as may result from such failure.

It is this feature which enables us to distinguish a strict or collateral guaranty from a direct undertaking or promise. So that when an instrument of writing resolves itself into a promise or undertaking on the part of the person executing it to do a particular thing which another is bound to do, in the event such other person does not perform the act himself, it is said to be an original undertaking, and not a strict or collateral guaranty. In the latter class of contracts the undertaking is in the nature of a surety, and the person bound by it must take notice of the default of his principal. *Furst & Bradly Mfg. Co.* v. *Black,* 111 Ind. 308 ; *Wright* v. *Griffith, post,* p. 478 ; *Ward* v. *Wilson,* 100 Ind. 52 ; *La Rose* v. *Logansport Nat'l Bank,* 102 Ind. 332 ; *Reigart* v. *White,* 52 Pa. St. 438 ; *Woods* v. *Sherman,* 71 Pa. St. 100 ; *Riddle* v. *Thompson,* 104 Pa. St. 330.

The undertaking of the appellee in this case is not a strict or collateral guaranty, but is a direct, absolute, and original promise to pay the appellant for any white or burr oak timber he might sell to Stephen A. Douglass. *Frash* v. *Polk,* 67 Ind. 55 ; *Kline* v. *Raymond,* 70 Ind. 271 ; *Burnham* v. *Gal-*

*lentine,* 11 Ind. 295 ; *Kirby* v. *Studebaker,* 15 Ind. 45 ; *Watson* v. *Beabout,* 18 Ind. 281 ; *Ward* v. *Wilson, supra.*

By delivering such instrument to Douglass the appellee made him his agent to deliver it to the appellant.

In such cases its acceptance and performance of the conditions upon which it rests is all that is necessary to make the contract complete and enforceable. *Davis* v. *Wells,* 104 U. S. 159 ; *Wills* v. *Ross,* 77 Ind. 1 ; *Kline* v. *Raymond, supra; Cooke* v. *Orne,* 37 Ill. 186.

This contract not being a collateral guaranty, but an original undertaking, in the nature of a surety, in which appellee bound himself to pay for the timber, he was not entitled to notice, either of its acceptance or of the failure of Douglass to pay. If he had desired such notice he should have stipulated for it in his contract. *Smith* v. *Dann,* 6 Hill, 543.

It follows from what we have said that the court erred in overruling the demurrer to the answer of the appellee.

Judgment reversed, with instruction to the circuit court to sustain the demurrer to the appellee's answer, and for further proceedings not inconsistent with this opinion.

