Filed Jan. 15, 1890.

---

No. 13,890.

### WRIGHT v. GRIFFITH ET AL.

GUARANTY.—*Direct Engagement to Pay.—Continuing Guaranty.—Notice of Acceptance.*—The following writing : " Union City, Indiana, March 17th, 1882. *Messrs. Griffith Brothers*—Please let my daughter, Mrs. W. E. Headington, have what goods she wants, and I will stand good for the money to settle the bills. You will find the pay part all right with her, I think," (Signed) Wm. Wright, is a direct engagement to pay, and constitutes a continuing guaranty. Notice of its acceptance was not necessary to render the promisor liable.

Wright *v.* Griffith *et al.*

SAME.— *When Notice Imputed.*— *What Essential to Complete the Contract.*—
When the contract of guaranty is executed contemporaneously with, and
as a part of, the consideration for the contract or transaction guaranteed,
the law imputes notice to all the parties immediately related to the
transaction of its character and extent, and no further notice of the
acceptance of the guaranty is required. The acceptance of the guaranty
and the performance of the consideration upon which it rests are all
that are essential to make the contract complete and enforceable.

SAME.— *When Notice Unnecessary.*—*Conclusive Guaranty.*—If, upon a fair con-
struction of the instrument, it appears to be the personal undertaking
of the guarantor to pay for goods sold, or to be sold, to a third person,
it will be regarded as an absolute promise or conclusive guaranty, which,
when acted on, makes the promisor immediately liable, and no notice
is necessary of the acceptance of the guaranty.

SAME.— *When Regarded as Continuing.*—Unless the words in which the
guaranty is expressed fairly imply that the liability of the guarantor is
to be limited, it continues until the guaranty is revoked.

From the Randolph Circuit Court.

*T. Shockney,* for appellant.

*S. R. Bell* and *J. B. Ross,* for appellees.

MITCHELL, C. J.—Action upon a writing in the following
words:

"UNION CITY, IND., March 17th, 1882.
"*Messrs. Griffith Brothers :*

"Please let my daughter, Mrs. W. E. Headington, have
what goods she wants and I will stand good for the money
to settle the bills. You will find the pay part all right with
her I think.             Yours truly,      WM. WRIGHT."

The questions presented arise on the complaint, the mate-
rial averments of which are to the effect that Mrs. Heading-
ton applied to the plaintiffs to purchase millinery goods, and
that the plaintiffs declined to furnish them to her on credit ;
that thereupon, in consideration that they agreed to sell and
deliver to her from time to time on credit such goods and
merchandise as she might require in her business, the defend-
ant, her father, by the contract above set out, promised and
agreed to pay for the goods so to be furnished.

It is averred that, relying upon the agreement so made, the

plaintiffs from time to time sold and delivered to Mrs. Headington goods and merchandise to the amount of $2,264.56, and that there remains due them on account thereof $426.78, for which they pray judgment against the defendant.

It is contended that the complaint fails to state a cause of action, because it contains no allegation that the plaintiffs, within a reasonable time after receiving the communication above set out, notified the defendant of the acceptance of the proposal or direction therein contained.

The rule is abundantly maintained which requires that upon an offer or mere proposal to become responsible for credit, which may, or may not, be extended to another, the person making the offer must be notified within a reasonable time of its acceptance in order that he may be held as a guarantor. This is so, upon the familiar principle that, while the proposition remains pending, without notice of acceptance that simultaneous concurrence of mind essential to the completion of a contract has not taken place. *Furst & Bradley Mfg. Co.* v. *Black*, 111 Ind. 308, and cases cited; *Powers* v. *Bumcratz*, 12 Ohio St. 273; Brandt Suretyship and Guaranty, section 157. "A mere offer," as has often been said, " not accepted, is not a contract, and a mere mental acceptance of a proposition, not communicated to the party to be charged, is not an acceptance at all in the eye of the law." *Kellogg* v. *Stockton*, 29 Pa. St. 460; *Walker* v. *Forbes*, 25 Ala. 139 (60 Am. Dec. 498).

Where, however, the delivery of the guaranty is not a mere incipient step in the transaction, but is in fact a part, or the consummation of the contract to which it is collateral, the acceptance of the guaranty and the performance of the consideration upon which it rests are all that are essential to make the contract complete and enforceable. *Snyder* v. *Click*, 112 Ind. 293, and cases cited; *Davis* v. *Wells*, 104 U. S. 159. As has been well observed, however, " Care must be taken in all cases to mark the distinction between a consummate and perfect guaranty, and a mere proposal, or offer, or tender of

guaranty, which must be accepted, and the acceptance notified to the maker, and his final assent to the engagement be obtained ere it can become a perfect and concluded contract." 3 Addison Contracts, section 1115.

Mrs. Headington, so it is averred in the complaint, applied to the plaintiffs to purchase goods on credit. The application was declined. Then followed the letter of her father, in which he requested them to let her have what goods she wanted, adding, " I will stand good for the money to settle the bills." Thereupon, in reliance upon the promise contained in the letter, goods were furnished as requested. The letter was therefore not a mere overture or proposition, it was the final consummation of a pending arrangement, in pursuance of which the writer's daughter was furnished with goods.

When the contract of guaranty is executed contemporaneously with, and as a part of, the consideration for the contract or transaction guaranteed, the law imputes notice to all the parties immediately related to the transaction of its character and extent, and no further notice of the acceptance of the guaranty is required. *Furst & Bradley Mfg. Co.* v. *Black, supra;* Brandt Suretyship and Guaranty, section 164; *Paige* v. *Parker*, 8 Gray, 211.

Moreover, it is an established rule, applicable to cases like the present, that, if upon a fair construction of the instrument it appears to be the personal undertaking of the guarantor to pay for goods sold, or to be sold to a third person, it will be regarded as an absolute promise or conclusive guaranty, which when acted on, makes the promisor immediately liable, and no notice is necessary of the acceptance of the guaranty. *Ward* v. *Wilson*, 100 Ind. 52 (50 Am. R. 763); *Kline* v. *Raymond*, 70 Ind. 271; *Wills* v. *Ross*, 77 Ind. 1 (40 Am. R. 279); *Birdsall* v. *Heacock*, 32 Ohio St. 177; *Wise* v. *Miller*, 45 Ohio St. 388; *Powers* v. *Bumcratz, supra;*

*Douglass* v. *Howland,* 24 Wend. 35 ; Brandt Suretyship and Guaranty, section 167.

The contract involved in the present case is a direct engagement to pay. The language is in effect, " let my daughter have what goods she wants and I will pay the bills." As was said in *Smith* v. *Dann,* 6 Hill, 543, a case parallel with the present : " But here the undertaking was absolute. The defendant said to the plaintiffs, in substance, ' If you deliver the goods, I will guaranty the payment.' We can not add a condition that the defendant shall have notice. He should have provided for that himself in the proposal made to the plaintiffs." *Scott* v. *Myatt,* 24 Ala. 489 ; *Union Bank, etc.,* v. *Coster,* 3 N. Y. 203.

According to its terms the guaranty is not only absolute, but it is continuing. There is nothing in the letter to indicate, or from which the inference can arise, that the liability of the guarantor was to be restricted to a single transaction ; on the contrary, the language, which need not be repeated, indicates that successive bills were contemplated. The rule is that unless the words in which the guaranty is expressed fairly imply that the liability of the guarantor is to be limited, it continues until the guaranty is revoked. Brandt Suretyship and Guaranty, sections 133, 134. As we have seen, the language here is without limitation.

We find no error.

Judgment affirmed, with costs.

Filed Jan. 15, 1890.