MORRIS, ADMINISTRATOR *v.* KESLER.

[No. 15,307.  Filed December 15, 1936.]

*Edgar M. Blessing,* for appellant.

*Otis E. Gulley* and *George W. Hadley,* for appellee.

DUDINE, J.—This is an appeal from a judgment for appellee in a suit by her against Henry Cox (now deceased) on four promissory notes. Henry Cox died after judgment was rendered against him, and before his motion for new trial was overruled, and appellant was substituted for him as party defendant.

The complaint was in four paragraphs, each being based on a different note, and being in the usual form of a complaint on a promissory note. Each of the notes purported to have been executed by William D. Cox (decedent's son) and decedent. Decedent filed an answer in two paragraphs as to each of said paragraphs of complaint, the first paragraph of answer being a verified answer in general denial, and the second alleging that he signed each of said notes long after they were executed by his son, and that his signature was affixed to each of said notes wholly without consideration. The issues were closed by a reply in general denial to said second paragraph of answer.

The cause was submitted to the court for trial without a jury, and the court found for decedent against appellee on the first paragraph of complaint, and for appellee against decedent on each the second, third, and fourth paragraphs of complaint, and rendered judgment accordingly.

This appeal is predicated solely on the court's action in overruling decedent's motion for new trial.

The causes for new trial set forth in the motion therefor and properly presented in appellant's brief are: (1) The decision of the court is not sustained by sufficient

evidence; (2) the decision of the court is contrary to law.

There is evidence in the record which shows that decedent owned a large farm; that he had been feeble for several years; that he and his son William D. Cox (called "Jack") had been operating the farm together; that Jack had borrowed the money represented by the notes from appellee, and had executed each of said notes; that Jack become sick on May 30, 1931, and his sickness continued until his death in July following; that during his sickness Jack said to his father:

"Father, you know we owe Eva (appellee) a lot of money, and I want you to see that she is taken care of . . .", and his father replied, "I will take care of it . . ."

The notes had been left with one Amos Mitchell, who was a liquidating agent of a local bank, and kept in the vault of the bank. Henry Cox had a conversation about the notes with him. Mitchell's testimony as to said conversation was as follows:

"Henry and I talked about the notes and in the conversation Henry said that Jack was worried about it and that he was, and that Eva and Jack and he had arranged for him (Henry) to sign the notes and that she would extend the time and that he (Henry) would come over and sign the notes."

Mitchell testified further:

"Next morning after this conversation Henry came to my house and we went over to the bank and I gave him the notes and he signed them."

There is evidence which shows further that on the day after William's death, decedent Henry Cox told appellee:

"I think Jack's indebtedness worried him quite a great deal . . . I want you to know that I expect to take care of this (the notes) and if you will not crowd me on the notes I will see that it is taken care of."

The notes were past due when Henry Cox signed them, and appellee did withhold suit upon them until approximately one year after Jack's death.

Appellant contends the theory of each paragraph of complaint is that the respective notes were signed by decedent when they were originally executed, but the evidence discloses that the notes sued upon in the second, third, and fourth paragraphs of complaint were signed by decedent long after they were signed by William D. Cox; that therefore there is a "total variance" between the respective paragraphs of complaint and the evidence.

Each paragraph of complaint is reasonably subject to the construction contended for by appellant, and the evidence does disclose the fact that said notes were not signed by decedent at the time they were signed by his son Jack, but they were signed later; the record however does not show that appellant was misled by the variance, if any, between the allegations of the respective paragraphs of complaint, and the evidence "to his prejudice in maintaining . . . his defense on the merits" of the case, therefore the judgment will not be reversed on account of such alleged variance. Sec. 2-1063 Burns 1933, §168 Baldwin's 1934. Appellant's second paragraph of answer indicates that he was *not* misled by such alleged variance, but that he expected such evidence to be offered.

Appellant contends further that the evidence fails to show a consideration for the signature of said notes by Henry Cox. We think the evidence herein referred to, when considered in connection with inferences which can reasonably be deduced therefrom, sufficiently shows that appellee agreed to extend the time of payment of said notes, if Henry Cox would sign them, and therefore sufficiently shows consideration. *Wills* v. *Ross et al.* (1881), 77 Ind. 1.

Appellant also contends further that the extension of time, to constitute a valid consideration, had to be for a definite term. That contention is not tenable. " 'An agreement on the part of the creditor for general indulgence toward the principal, without any definite time being specified, with proof of actual forbearance for a reasonable time, is sufficient'." *Wills* v. *Ross et al., supra,* quoting Brandt Suretyship. "If no agreement be made as to the length of time, during which the promisee (payee) will forbear, the law will presume, that he undertakes to forbear for a reasonable time; and this is sufficiently certain and is good consideration." *Wills* v. *Ross, supra,* quoting from *Hakes* v. *Hotchkiss* (1851), 23 Vt. 231. *Traders Nat'l Bank of San Antonio* v. *Parker* (1892), 130 N. Y. 415, 29 N. E. 1094; *Kahn* v. *Waldman et al.* (1933), 283 Mass. 391, 186 N. E. 587. The evidence in the instant case shows that appellee did agree to forbear, and that she did forbear for a reasonable length of time.

Appellant further contends the evidence does not show a delivery of the notes after they were signed by Henry Cox. The evidence shows without dispute that the notes had been left with Amos Mitchell, that Henry Cox obtained them from him for the purpose of affixing his signature to each of them, and that he returned the notes to Mitchell. This evidence when considered together with the inferences which can be drawn from the evidence as a whole, is sufficient proof of delivery.

No reversible error having been shown, the judgment is affirmed.