Bechtold v. Lyon.

It is perfectly clear, upon counsel's statement, that the appeal is not from a final judgment.

Appeal dismissed.

Filed Nov. 23, 1891; petition for a rehearing overruled Jan. 26, 1892.

No. 15,374.

BECHTOLD v. LYON.

AGENT.—*Goods Damaged in Shipping by Negligence in not Protecting them while Waiting on Wharf for Transportation.*—A. and B. entered into a written contract whereby A. agreed to furnish certain goods and B. agreed to sell them, make weekly reports, and after paying the necessary costs, they were to divide the net profits, the goods to remain the property of A., and B. to ship them to him whenever A. desired to close out the business. A. retained the right to control the business. Sometime after the business was commenced, A. wrote B. and requested him to ship the goods to him by boat. A. packed the goods and delivered them at the wharf to C., who was in charge and engaged in shipping goods by a certain line of boats, but he was not the agent of said line and had no authority to bind it. C. signed a receipt for the goods. They remained unprotected on the wharf all night and were shipped by C. on the first boat, but during the night they were damaged by rain, because of their unprotected condition.

*Held*, that B. was liable for the damage, that C. was his agent and not the agent of A. nor of the boat line.

GUARANTY.—*Notice of Acceptance.— When Necessary.*—It is not necessary that a guarantor should be notified of the acceptance of a contract of absolute guaranty when such contract is contemporaneous with or subsequent to the principal contract and which guaranty contract is not a mere proposition to become responsible in case credit is extended, or a contract is thereafter to be entered into on the faith of such guaranty contract.

From the Posey Circuit Court.

*S. B. Vance* and *W. P. Edson*, for appellant.

*A. Gilchrist, C. A. De Bruler, G. V. Menzies* and *E. M. Spencer*, for appellee.

OLDS, J.—The appellee, Michael Lyon, was a clothing

merchant, in the city of Evansville, Indiana, and on the 8th day of July, 1886, he and one R. Ferriman entered into an agreement, of which the following is a copy :

"EVANSVILLE, July 8, 1886.

"M. Lyon agrees to furnish R. Ferriman with a stock of clothing and furnishing goods, to be sold in Shawneetown, Illinois. The goods all to be sold strictly for cash—credit is not to be given any one under any circumstances. Whenever the business fails to pay a profit each month above current expenses, the business to be discontinued at the option of M. Lyon. Each and every article sold is to be entered in a cash book, and the lot-number and cost of each article, and the price sold for, are to appear in the daily sales. If any goods are missing whenever an account of stock is taken, the cost of any goods missing is to be paid by R. Ferriman, as M. Lyon is to suffer no loss on account of any goods not accounted for in the sales.

"R. Ferriman is to give close and careful attention to the business, and in consideration of his services he is to receive one-half of the net profits after all the necessary expenses of running the business are deducted.

"M. Lyon is to furnish the goods, and the profits and losses are to be equally divided. R. Ferriman is to receive no salary, as one-half of. the profits is to be his compensation for his services.

"The stock is to be kept constantly insured for its full value.

"R. Ferriman is to forward to M. Lyon, every Monday during the year, a statement giving the article, lot-number, cost and price sold for, of all his sales during the week. He is also to remit to M. Lyon, on each Monday, a check for the full amount of the week's sales, less the expenses and his half of the profits.

"The business is to be under the control of M. Lyon, and he is to be consulted in reference to advertising and all other matters connected with the business.

" When the business is discontinued, the goods which are the property of M. Lyon are to be returned to him at Evansville.

" If R. Ferriman adds any other goods on his own account to the stock, he is to pay part of the expenses in proportion to the amount sold. R. Ferriman is to keep the clothing and furnishing goods, all goods furnished by M. Lyon, insured in the name of M. Lyon, for the full value of the goods; and goods owned by R. Ferriman or others in same store house, to be insured ' separately.'

" R. FERRIMAN.

"·M. LYON."

On the same paper as the foregoing agreement is the following:

" SHAWNEETOWN, ILLINOIS, July 9th, 1886.

" We have carefully examined the contract between M. Lyon of Evansville, and R. Ferriman of Shawneetown, hereto attached, and give this my bond to guarantee to M. Lyon, that we will be responsible for the fulfilment of the aforesaid contract. In case R. Ferriman should fail to comply with this contract fully, we pledge ourselves to fulfil the contract in his stead. We guarantee to stand good to M. Lyon for any loss he may sustain in case R. Ferriman fails to comply with his contract.

" MARTHA H. FERRIMAN.

" MARSHALL M. POOL.

" JACOB BECHTOLD."

Appellee. furnished the goods under the contract to Ferriman, and a store was opened by him at Shawneetown, and conducted under their said contract until about the 20th of April, 1887. By the direction of the appellee the business was then discontinued, and the goods returned to the appellee at Evansville. When received by the appellee, the goods were wet and damaged, and this action was brought against Ferriman and the appellant Bechtold on the written contracts above set out, to recover damages for injury to the

goods by reason of being wet and injured, and for other alleged breaches of his contract by Ferriman. The action was subsequently dismissed as to Ferriman, and was prosecuted as an action against the appellant, as guarantor, for breach of the contract by Ferriman.

Issue was joined and the case tried by the court, and special findings of facts were made and conclusions of law stated in favor of appellee.

The finding of fact which fixes the liability of the appellant for damages to the goods in returning them to the appellee at Evansville is numbered eight, and is as follows:

" 8. Shortly before the 21st day of July, 1887, the plaintiff directed said Ferriman to discontinue the business at Shawneetown, and to ship the goods remaining in stock then to plaintiff at Evansville, Indiana. As the result of some correspondence between Ferriman and the plaintiff, it was understood that the goods should be shipped on a steamboat plying between Evansville, Indiana, and Cairo, Illinois, and passing the port of Shawneetown, and owned and run by the Evansville, Cairo and Memphis Steam Packet Company. On the 21st day of July, 1887, said Ferriman packed the goods aforesaid in eleven dry goods boxes or cases which he had procured from various merchants in Shawneetown, and which had been used before for the transportation of goods. They were the best that could be obtained at Shawneetown, at the time, but were not in such condition that they would prevent water from penetrating them and injuring their contents if exposed to rain. Said Ferriman delivered said goods to L. Roselot, who was engaged in the general business of handling and delivering goods and merchandise to and from steamboats, railroads and merchants in said city of Shawneetown, with wagons and drays, to be carried from Ferriman's store to be delivered to E. F. Harsha, at the steamboat landing in said city. The boxes containing the goods were delivered to said Roselot about the middle of the afternoon. After the goods left the store, said Ferriman never saw them again, or

the boxes containing them, and gave no further attention to them. His place of business was about a square and a half from the river. He did not go to the river or make any inquiry as to where the goods were placed, or how they were disposed of. At that time there was no wharf boat at Shawneetown, and no protected place in use for the storage of goods to be shipped by steamboat, except a railroad freight car on a railroad track, and embankment on the river bank at the steamboat wharf, and these facts were known to said Ferriman when he sent said goods to the landing and wharf aforesaid. The boxes containing the goods were delivered by the said Roselot to one E. F. Harsha, at the wharf and place aforesaid, and were placed on the wharf or place of landing at the river without anything under them or over them except some old skiff sails or canvas, and remained in that condition until the next morning. The said E. F. Harsha was without visible property; it was rumored that he had property in Kansas. He was then and had been in the business for several months, at that place, of receiving goods from merchants at Shawneetown and shipping them at the landing and wharf aforesaid for merchants and persons doing business there, on steamboats. He was the only person engaged in that business at Shawneetown, at that time, and did receive and ship goods generally for the merchants and shippers of that place on steamboats at that time. He was not the agent of the Cairo and Memphis Steam Packet Company, and had no power or authority to issue bills of lading for said company, or to receive freight for such company, or to make any contracts whatever on behalf of said company. No bill of lading was ever issued to said Ferriman for said goods. Said E. F. Harsha, when the goods were placed on the river bank, gave to Roselot, and Roselot returned to said Ferriman, an instrument in the form of a bill of lading, which purports on its face to be a receipt issued from the steamer Sam C. Jones to said E. F. Harsha for the goods in question, but said instrument was not signed

or executed by any officer or agent of said steamer, or of the Evansville, Memphis and Cairo Steam Packet Company, the corporation to which said steamboat belongs, and by which said steamer was at the time run and operated, but said instrument was signed only by said E. F. Harsha himself. Said instrument is as follows :

"' E. F. Harsha, Wharf-boat Proprietor and Forwarding and Commission Merchant. Received, Shawneetown, Ill., July 21st, 1887, in good order and condition, of E. F. Harsha, on board the good steamboat Sam C. Jones, the articles described below, to be delivered without unavoidable delay (the dangers of navigation, fire, explosion and collision excepted), on wharf-boat or landing at the port of Evansville, Indiana, where carrier's responsibility shall cease, with privilege of lighting, towing and reshipping unto M. Lyon or assigns, he or they paying freight for said goods at the rate of —— and charges of $1.00.

| Marks. | Articles. | Weight. |
|---|---|---|
| | 11 cases of clothing, etc., | 2,000. |
| | (Signed)        E. F. HARSHA. | |

E. car.
Charges.
Pd. 1st car.
Original.
Transfer.
Insurance.
Cooperage.
Forwarding.
Total.'

" During the day on which the goods were so placed on the river bank the weather was fair, but the signal service indicated rain, and between 7 and 8 o'clock in the evening a violent rain storm came up, and it rained heavily for an hour or more, and continued raining more or less during the night. During all this time the boxes containing said clothing and goods were lying on the bank of the river, without

any covering or protection except some old skiff canvas not sufficient to protect them; and by the rain aforesaid were made very wet, and such rain penetrated said boxes and caused said clothing and goods to become wet, discolored, and otherwise greatly damaged. The said Richard Ferriman was guilty of negligence in sending said goods to the river and permitting them to remain there all night in an unprotected situation and condition, and in the shipment of said goods, and by reason of such negligence said goods were damaged. The said E. F. Harsha had tarpaulin for the protection of these goods when he received the same, and could have protected them had he used them; that Harsha was guilty of negligence in permitting said goods to be exposed to the rain in the unprotected condition aforesaid.

"Early the next morning the steamer Sam P. Jones arrived at Shawneetown on her way up the Ohio river, bound for Evansville, and said goods were taken on said steamer, and by her brought to Evansville. The boxes were wet when taken on board the steamboat, and were placed near the boilers, and in a protected position. Said goods were delivered to the plaintiff at his place of business in Evansville, on the afternoon of the same day, and they did not receive any damage or injury, from rain or otherwise, from the time they were placed on board the steamer at Shawneetown until they were delivered to the plaintiff at his store at Evansville.

" By reason of the rain which fell on said boxes at Shawneetown, as before described, said goods were damaged and injured, and were delivered to the said plaintiff in a damaged condition. The fair and reasonable value of the goods in Evansville at the time they were delivered to the plaintiff, if they had been in good order and condition, would have been three thousand dollars. The fair and reasonable value of said goods in the damaged condition in which they were delivered to the plaintiff was fifteen hundred dollars, and the

Bechtold *v.* Lyon.

plaintiff has sustained damages by reason of said injury to said goods in the sum of fifteen hundred dollars."

Under the contract the goods remained the property of Lyon, and when the business was discontinued Ferriman was to return the goods to Lyon at Evansville. By the finding of facts it is found that, " as the result of some correspondence between Ferriman and Lyon, it was understood that the goods should be shipped on a steamboat plying between Evansville, Indiana, and Cairo, Illinois, and passing the port of Shawneetown, and owned and run by the Evansville, Cairo and Memphis Steam Packet Company." It is immaterial to determine whether Ferriman was to return the goods and deliver them to the appellee at Evansville, or whether he was released from that obligation by the correspondence, and by such correspondence obligated himself to ship the goods on a steamboat plying between Shawneetown and Evansville, operated by the steamboat company above named, for if he was only obliged to ship the goods on the boat, he was not discharged until he delivered the goods to the company plying the boat, and he was bound to take proper care of the goods until so delivered, and was liable for any injury occurring to the goods by reason of his neglect, at least, until they were delivered to the company plying the boat on which they were to be shipped. The finding of facts show that through his neglect, or the neglect of his agent, entrusted to deliver the goods to the boat company, the goods were injured prior to the delivery of the same to the company operating the boat. The finding of facts show that neither Roselot, the drayman, nor Harsha, to whom he delivered the goods at the wharf, were the agents of the Evansville, Cairo and Memphis Steam Packet Company, the owners and operators of the boat on which the goods were to be shipped.

Ferriman was bound to take good care of the goods, and was liable for any injury occurring to the goods through his carelessness, or the carelessness of his agents while they were under his control, at least in transporting them to the boat,

and prior to their delivery to the company plying the boat on which they were to be shipped, even if he was exonerated by the correspondnce from delivering them in good condition to the appellee at Evansville. Both Roselot and Harsha were acting for Ferriman in transporting and delivering the goods to the boat company plying the boat on which the goods were to be shipped. Instead of delivering the goods on the boat himself, Ferriman entrusted them to do so, and he was liable for their negligence. *Taylor* v. *Cole*, 111 Mass. 363; Benjamin Sales, section 695.

It is further contended by counsel for the appellant that, to hold the appellant, notice must have been given to him by the appellee of his acceptance of the contract of guaranty, and that no such notice was given. We can not agree with this theory of counsel. The contract of guaranty was executed on the same paper as the contract between Lyon and Ferriman, and is an absolute contract of guaranty or promise to pay upon the failure of the principal to do so, and must be regarded, we think, as being executed contemporaneously with the other contract, or that it was executed subsequent to the other contract, and was a guaranty of the fulfilment of an existing contract, and in either case no notice of acceptance is necessary. This is the settled law of this State. *The Furst & Bradley Mfg. Co.* v. *Black*, 111 Ind. 308, and authoriies cited; *Snyder* v. *Click*, 112 Ind. 293; *Wills* v. *Ross*, 77 Ind. 1; *Nading* v. *McGregor*, 121 Ind. 465.

The rule is different where it is a mere proposition to become responsible in case credit is extended, or a contract is thereafter to be entered into on the faith of the guaranty.

This disposes of all the questions presented and discussed.

There is no error in the record.

Judgment affirmed, with costs.

Filed Jan. 15, 1892.