T. G. Evans & Co., Appellants, *v.* C. S. McCormick.

| 167 | 247 |
| f 35 SC | 625 |

*Guaranty—Notice of acceptance—Contract.*

Except in cases of absolute guaranty, accepted when given, notice of acceptance is necessary to fix the liability of the guarantor.

Such notice is necessary even if the guaranty is made at the request of the guarantee.

Plaintiff telegraphed the defendant: "Bierly's purchases amount to about seven hundred dollars. Will you guarantee payment?" Three days later defendant telegraphed to plaintiff: "I will guarantee payment of Bierly bill." Plaintiff sold and delivered goods to Bierly without notifying defendant of the acceptance of the guaranty. *Held*, that defendant was not liable on the guaranty.

Argued March 19, 1895.   Appeal, No. 74, July T., 1894, by plaintiffs, from order of C. P. Clinton Co., Sept. T., 1890, No. 167, refusing to take off nonsuit.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ.   Affirmed.

Assumpsit on an alleged contract of guaranty.   Before SAVIDGE, P. J., of the eighth judicial district, specially presiding.

At the trial the court entered a compulsory nonsuit, which it subsequently refused to take off, SAVIDGE, P. J., filing the following opinion :

" The cause of action was the alleged guaranty of C. S. McCormick, the defendant.

" Plaintiffs were in the wholesale crockery and queensware business at Pittsburg, Pa.   Early in July, 1889, they received an order for certain goods from Mrs. S. M. Bierly of DuBois, Pa.   Their traveling salesman had taken the order from Mrs. Bierly at DuBois.   Not satisfied of Mrs. Bierly's solvency, before proceeding to fill the order, they telegraphed defendant at Lock Haven as follows :

" ' PITTSBURGH, Pa., 2-13-89.

" ' C. S. McCORMICK : Bierly's purchases amount to about seven hundred dollars.   Will you guarantee payment?

" ' T. G. EVANS & Co.'

to which defendant three days later wired the following answer :

" ' Lock Haven, Pa., 2-16-89.

" ' T. G. Evans & Co., 213 Market St., Pgh.

" ' I will guarantee payment of Bierly bill.

" ' C. S. McCormick."

" Just what led to this inquiry does not appear. Upon receipt of McCormick's telegram and on the strength of the alleged guaranty plaintiffs shipped the goods ordered, some to Mrs. Bierly and some to McCormick at DuBois. All were received by Mrs. Bierly. On plaintiffs' book of original entry, some of the goods were charged to Mrs. Bierly and some to McCormick. On their ledger all were charged to McCormick.

" Because no notice had been given to McCormick of the acceptance of his guaranty, and that the goods had been sold on the strength of the same, plaintiffs were nonsuited.

" The decisions leave no room for doubt that, except ' in cases of absolute guaranty, accepted when given ' notice of acceptance is necessary to fix the liability of the guarantor : Gardner v. Lloyd, 110 Pa. 278, and cases there cited.

" It is contended by counsel, however, that ' if the guaranty is made at the request of the guarantee it then becomes the answer of the guarantor to a proposal made to him, and its delivery to and for the use of the guarantee completes the communication between them and constitutes a contract.' As authority for this position Davis v. Wells, 104 U. S. 159, and Sewing Machine Co. v. Richards, 115 U. S. 524, are cited. These cases do so hold although the decisions turned on other points.

" Looking to our own decisions, we find a different doctrine held in Kay v. Allen, 9 Pa. 320 ; it was argued by counsel, ' that a precedent request by the creditor to the party subsequently offering the guaranty was equivalent to notice of acceptance.' Mr. Justice Bell delivering the opinion of the court could find no warrant for any such view. In rejecting the proposition he reasons as follows : ' Indeed it is difficult to imagine how precedent request alone can supply the place of subsequent notice, since after request made and proffer of guaranty, the merchant may refuse the credit or advance craved, and without notice the surety cannot know whether he has or has not. So far is this insisted on, that it is said without notice there can be no contract ; for like all other contracts, that of

guaranty requires both a proposal and acceptance thereof.' This doctrine was distinctly recognized and reaffirmed in Gardner v. Lloyd, supra, decided since the case in 104 U. S., Mr. Justice GREEN quoting the very language of Judge BELL.

" The reasoning of the Supreme Court of this state is convincing while for the doctrine of the U. S. Court no reason is offered, and we feel bound to follow the decisions of our own courts.

" In the case at bar the most that can be said for plaintiffs is that their telegram was a precedent request which was followed by a subsequent offer of guaranty from the defendant.    Defendant was entitled to notice before he could be held on his guaranty.    To my mind plaintiffs have not made a better if indeed so good a showing as did Coe in his case against Buehler, reported in 110 Pa. 366.    There the guarantor signed the guaranty at the instance of the agent of the guarantee.    The contract guaranteed, though executed by the debtor, had not yet been signed by the guarantee.    It was executed by him soon afterwards but no notice thereof was given to the guarantor.    The Supreme Court held that absence of notice of acceptance was fatal and sustained a judgment of nonsuit.    This is in harmony with the unbroken line of decisions preceding it and is conclusive of the question under consideration.

" It is urged that there is testimony from which the jury could find that defendant was interested in Mrs. Bierly's purchase—that the goods were in fact bought for him.    We do not think so.    Joseph Bensinger, the tenant of the hotel under McCormick and Seener, says he purchased from McCormick a one half interest in these goods, on Dec. 13, 1889.    This was ten months after the sale to Mrs. Bierly.    It was not shown how McCormick came by this one half interest or that he knew where the goods came from.    The fair and natural presumption would be that he bought from Mrs. Bierly.    There is nothing in plaintiff's testimony to show that McCormick ever, prior to the bringing of this suit, had knowledge that Evans & Company had sold the goods in question or any other goods to Mrs. Bierly.    Plaintiffs could have shown how this was and it was their duty to do so.                                ·

" They seek to recover from McCormick, not as the original debtor, but as surety.

" In all cases, when a plaintiff seeks to make one man liable for the debt of another the case must be plainly made out. Every ambiguity in the evidence weighs in favor of the defendant:    Kellogg v. Stockton & Fuller, 29 Pa. 460.

" The rule is discharged."

*Errors assigned* were, (1) entry of nonsuit; (2) refusal to take it off.

*W. C. Kress,* for appellants.—Guaranties, like other commercial contracts, must be construed with reference to the usages of trade : Smith v. Dann, 6 Hill, 543; Dobbin v. Bradley, 17 Wend. 422; Walrath v. Thompson, 4 Hill, 200; Lee v. Dick, 10 Pet. 482; Union Bank of La. v. Coster, (Ct. of App.,) 53 Am. Dec. 285; Douglass v. Reynolds, 7 Pet. 113.

No notice of acceptance was necessary in this case : Cooke v. Orne, 37 Ill. 186; Fiske v. Stone, 35 Dak. 35.

If the guaranty is made at the request of the guarantee, it then becomes the answer of the guarantor to a proposition made to him, and its delivery to and for the use of the guarantee completes the communication between them, and constitutes the contract: Davis v. Wells, 104 U. S. 159; Sewing Machine Co. v. Richards, 115 U. S. 524; Hasselman v. Japanese Dev. Co., 27 N. E. Rep. 318.

This case differs from Kay v. Allen, 9 Pa. 320, in this, that in the latter case it does not appear that the plaintiffs' precedent request of the principal was made known to the guarantor, nor that he stated that it was in pursuance of that request that he gave the guaranty.

It is the business of the guarantor to ascertain the amount and extent of his liability: Walker v. Forbes, 25 Ala. 139; 60 Am. Dec. 498.    The doctrine of notice is inapplicable to cases where the agreement to accept is contemporaneous with the guaranty: Bank of Newbury v. Sinclair, 60 N. H. 100; 49 Am. Rep. 307.

If defendant had wired plaintiffs offering the guaranty and plaintiffs had wired their acceptance, it is admitted that the contract would have been complete.    It is no less so because the order in which the telegrams were sent is reversed: Patterson v. Reed, 7 W. & S. 144; Emerson v. Graff, 29 Pa. 358

Kay v. Allen, 9 Pa. 320; Gardner v. Lloyd, 110 Pa. 278; Adams v. Jones, 12 Pet. 213; Mussey v. Rayner, 22 Pick. 223; Clark v. Remington, 11 Metc. 361; Cremer v. Higginson, 1 Mason, 340; Douglass v. Reynolds, 7 Pet. 126; Allen v. Pike, 3 Cush. 238; Paige v. Parker, 8 Gray, 211; Wise v. Miller, 14 N. E. 218; Furst & Bradley Mfg. Co. v. Black, 12 N. E. 504; Davis Sewing Machine Co. v. Jones, 61 Mo. 409; Mitchell v. McCleary, 42 Md. 374; Whitney & Schuyler v. Groot, 24 Wend. 82.

In the case of a conclusive guaranty, not a mere overture to guaranty, notice of acceptance is not necessary: Jackson v. Yandes, 7 Blackf. (Ind.) 536; Powers v. Bumcratz, 12 Ohio, 273; Maynard v. Morse, 36 Vt. 617; Platter v. Green, 26 Kan. 252; Thomson v. Glover, 39 Am. Rep. 320; Smith v. Dann, 6 Hill, 543; Case v. Howard, 41 Iowa, 479; Crittenden v. Fiske, 46 Mich. 70; Watson v. Porzel, 158 Pa. 513.

The defendant and Mrs. Bierly owned the furniture which was in the house in January, 1889, and leased it to Bensinger. More furniture was needed, and they ordered it. When these goods were ordered from plaintiffs, the defendant made himself responsible for them. His interest in these goods was the same as that which he had in the furniture.

The evidence was uncontradicted that he was the owner of one half interest in these goods, and that he sold them. To permit him to hold the proceeds is against equity and good conscience.

If he were entitled to notice, it is sufficient that he obtained the knowledge from any person or in any way: Webster v. Smith, 30 N. E. Rep. 139; John A. Tolman Co. v. Means, 52 Mo. App. 385.

*Cline G. Furst*, for appellee.—Notice of acceptance of guaranty was necessary: Davis v. Wells, 104 U. S. 159; Kellogg v. Stockton & Fuller, 29 Pa. 463; Kay v. Allen, 9 Pa. 320; Gardner v. Lloyd, 110 Pa. 278; Patterson v. Reed, 7 W. & S. 144; Edmondson v. Drake, 5 Pet. 624.

The law will not presume a contract of guaranty, unless the obligation be plainly and explicitly expressed; or unless it be evident that the person charged actually intended to assume the liability of a surety: Story on Contracts, par. 886; Lee v. Dick, 10 Peters, 482.

PER CURIAM, April 1, 1895 :

The only error properly assigned is the refusal of the court below to take off the judgment of nonsuit.

For reasons given by the learned president of the eighth judicial district, who specially presided at the hearing, we are satisfied that the rule to take off the compulsory nonsuit was rightly discharged.

The judgment is affirmed on his opinion.