Filed May 26, 1896.

---

No. 1,669.

## LANE v. MAYER ET AL.

GUARANTY.—*Notice.*—*Acceptance.*—A guaranty in the words: "I hereby agree to hold myself responsible for, and agree to pay for, any goods and merchandise which may be purchased of you by A. L. Lane, Lebanon, Indiana, to the amount of $500," constitutes an original undertaking, and it is unnecessary to aver or prove notice of acceptance thereof.

SAME.—*Continuing Guaranty.*—An agreement to be responsible for the purchase-price, and to pay for "any goods and merchandise which may be purchased," to the amount of $500, not limited as to time, is a continuing one.

From the Boone Circuit Court.

*S. M. Ralston* and *M. Keefe,* for appellant.

*N. Morris, L. Newberger* and *J. B. Curtis,* for appellees.

LOTZ, J.—The appellees sued the appellant on the following written agreement:

"LEBANON, IND., November 21, 1892.

"Messrs. Charles Mayer & Co., Indianapolis, Ind.:

"GENTS—I hereby agree to hold myself responsible for, and agree to pay for, any goods and merchandise which may be purchased of you by A. L. Lane, Leb-

anon, Indiana, to the amount of five hundred dollars.
"$500.00.            "WES LANE, Cashier,
                      "First Nat. Bank."

It was averred that this instrument was delivered
to the appellees, and that, in reliance thereon, they
sold to A. L. Lane goods and merchandise of the value
of $180.52. There was no averment that the appellees
gave the appellant notice that they had accepted the
obligation and would act upon it. Nor does the evi-
dence show that the appellees gave the appellant
notice of their acceptance. It is insisted that the ap-
pellant cannot be held liable, in the absence of an
averment and proof of such notice.

If the instrument sued on is a strict guaranty, then
notice of acceptance was essential before the appel-
lant could be held liable. Without acceptance, the
minds of the contracting parties could not agree upon
the same terms, and no contract could be completed.
Until accepted, and notice of such acceptance given,
it would only be a naked proposition. But if the in-
strument is an original undertaking, it became bind-
ing upon delivery, and no notice of acceptance was
necessary.

The distinction between a contract of guaranty and
one of suretyship has been so often stated that it is
unnecessary to repeat it here. *Shearer* v. *R. S. Peale
& Co.*, 9 Ind. App. 282; *Bryant* v. *Stout* (Ind App.), 44 N.
E. Rep. 68. A contract, although purporting to be a
guaranty, may be so worded as to make it an original
undertaking. In such cases the liability of the person
executing it is analogous to that of a surety on a
bond. It is often difficult to determine whether or not
a given instrument is an original or a collateral under-
taking; and there is some conflict of authority bearing
upon this subject. Each case must, in a large meas-

ure depend upon its own peculiar circumstances and words used in the contract or written instrument. The case of *Conduitt* v. *Ryan*, 3 Ind. App. 1, was a suit on an instrument of the tenor following: "I hereby guarantee the payment, when due, of all bills of goods sold, or that may be sold, on and after this date, by Conduitt & Sons  *  *  *  to William A. Black." This was held to be an original, and not a collateral undertaking. In *Nading* v. *McGregor*, 121 Ind. 465, and *Wright* v. *Griffith*, 121 Ind. 478, the actions were based on contracts very similar in legal effect and the conclusion was reached that they were original undertakings. Following these recent cases, we are of the opinion that the contract declared in this case is an original undertaking, and that it was not necessary to aver or prove notice of acceptance.

The appellant further insists that the finding made by the court is contrary to the law, and that his motion for a new trial should have been sustained.

The evidence shows that after the execution of the contract, A. L. Lane purchased of the appellees more than $500.00 worth of goods, and paid for them. The goods for which a recovery is sought in this action, were purchased afterwards. The appellant contends that the guaranty only covered the first $500.00 worth of goods, and those having been paid for, the guaranty was exhausted, and that the goods sold afterwards were not covered by the contract. A number of cases are cited which support this contention. Here, again we enter the field of conflict. It would be a laborious and, perhaps, impossible task to attempt to reconcile the adjudications bearing upon this subject. We will content ourselves by following the last expression of the Supreme Court of this State upon this question. In *Trustees, etc.*, v. *Gilliford*, 139 Ind. 524, the contract was as follows:

"We hereby, jointly and severally, guarantee to the Presbyterian Board of Publication, payment for all sales which may be made by them to Rev. William A. Patton, but our liability on this guaranty not to exceed in any event $3,000.00."

It appeared, in that case, that Patton purchased goods of the board, aggregating about $10,000.00, the sales extending over a period of years, and the goods first purchased exceeding in value $3,000.00, had been fully paid for. It was held that the contract was a continuing one, there being a limit as to the amount, but not as to the time.

Following this case, we must hold that there was no error in overruling the motion for a new trial.

Judgment affirmed.

GAVIN, J., did not participate in this decision.

Filed May 26, 1896.