## Bryant et al. *v.* Stout.

[No. 1,924.   Filed May 26, 1896.   Rehearing denied Dec. 1, 1896.]

Guaranty.—*Notice of Acceptance.*—A bond executed by an employe conditioned that he pay over to his employer all sums of money received by him as such employe, signed by his guarantors or sureties and delivered by him to his employer as a part of the consummation of the contract, is an absolute continuing undertaking on the part of sureties or guarantors, and no notice of the acceptance thereof by the guarantee was necessary.

Appeal and Error.—*Joint Assignment of Error.*—*Failure to Argue Error Assigned.*—An assignment of error made jointly to the ruling of the court in sustaining a demurrer to two paragraphs of a pleading is insufficient if either of them is good, and where such ruling as to one of the paragraphs is not attacked in the appellant's argument, such failure to argue will constitute a waiver as to both paragraphs.

From the Clinton Circuit Court. *Affirmed.*

*E. C. Snyder, T. H. Ristine, B. T. Ristine, Paul & Bruner,* and *Kennedy & Kennedy,* for appellants.

*C. L. Holstein, C. E. Barrett* and *Bayless & Guenther,* for appellee.

Davis, C. J.—This is a suit on an employe's bond conditioned for the faithful performance of his duty as a traveling and collecting salesman.

The principal in the bond, Ed. C. Scott, absconded, and was not served with process. The appellants, his sureties, defended.

The first paragraph of the complaint was dismissed by the plaintiff, and the case was tried on the second and third paragraphs of the complaint, which are in the words and figures following, to-wit:

"Second Paragraph. The plaintiff, by leave of the

court, further complains of the defendants, and for second paragraph of complaint alleges: That said plaintiff, then and there being engaged in the wholesale grocery business, at the city of Indianapolis, Indiana, on the 4th day of April, 1892, it was mutually agreed by and between the plaintiff and the said defendant, Ed. C. Scott, that he, the said Ed. C. Scott, should be employed by him, the said plaintiff, as a commercial traveler and salesman in his said business, and that said defendant, Ed. C. Scott, should, as such employe, solicit orders, make sales of, and collections for goods, wares and merchandise, handled and sold by said plaintiff in his said business as such wholesale grocer, and that said Ed. C. Scott should faithfully perform the duties of his said employment and faithfully and truthfully report all his transactions as such employe, and faithfully account for and pay over to the plaintiff all moneys and notes received by him for plaintiff's use, as such employe, in consideration of payment of forty per cent. of the gross profits of sales made by him as such employe, less his expense and forty per cent. of his losses, which consideration and compensation the said plaintiff then and there agreed to pay the said Ed. C. Scott for his services as such employe.

"And in consideration of said contract, and as a part thereof, the said defendants, Ed. C. Scott, Samuel C. Scott, James R. Bryant and David W. Hughes, on said 4th day of April, 1892, executed to the said plaintiff their certain bond and writing obligatory, a copy of which is filed herewith and made a part hereof, marked Exhibit 'A,' in the sum of twenty-five hundred dollars ($2,500.00), conditoned that the said Ed. C. Scott would faithfully perform the duties of his said employment and faithfully and truthfully report all his transactions as such employe, and faithfully

account for and pay over to the plaintiff all moneys and notes received by him for the plaintiff's use; that the plaintiff then and there and thereupon, in consideration of the premises, that is to say, of the said contract and bond, employed the said defendant, Ed. C. Scott, as such commercial traveler and salesman, as aforesaid, and said defendant, Ed. C. Scott, then and there entered upon his duties as such employe and so continued in said employment until the 19th day of December, 1892, as the said defendants then and there and at all times well knew; that between the 5th day of April, 1892, and the 19th day of December, 1892, the said defendant, Ed. C. Scott, as such commercial traveler and salesman and employe, received money to the value and aggregate sum of $3,500.00, to the use of the plaintiff, for which he has failed and refused to account to the plaintiff, and has converted the same to his own use, to the plaintiff's damage in the sum of $3,500.00, which is due and unpaid. Of which default said defendants had due notice, and payment of said bond was demanded of them, but said payment was refused by them, and said bond is due and wholly unpaid. Wherefore plaintiff demands judgment for $2,500.00, the penalty of said bond.

"Third Paragraph.—The plaintiff further complains of the defendant, and for third paragraph of complaint alleges: That the said plaintiff then and there being engaged in the wholesale grocery business at Indianapolis, Indiana, the said defendant, Ed. C. Scott, on the 21st day of March, 1892, applied to the plaintiff for employment as a commercial traveler and traveling salesman in his said business to solicit orders, make sales of, and collection for goods, wares and merchandise handled and sold by said plaintiff in his said business, and whereupon the said plaintiff

so employed the said defendant, Ed. C. Scott, upon the condition, and not otherwise, that he, the said Ed. C. Scott, would give and deliver to the plaintiff a bond in the sum of twenty-five hundred dollars ($2,-500.00), with approved sureties for the faithful discharge of his duties as such employe, and conditioned that the said Ed. C. Scott would faithfully perform the duties of his said employment, and faithfully and truthfully report all his transactions as such employe, and faithfully account for and pay over to the plaintiff all moneys and notes received by him for the plaintiff's use in said employment.

"And said plaintiff then and there agreed to pay said Ed. C. Scott, as compensation for his services as such employe, forty per cent. of the gross profits of the sales made by him, the said Ed. C. Scott, as such employe, less his expenses and forty per cent. of the losses made by him.

"And thereupon, on the —— day of April, 1892, the said Ed. C. Scott executed and procured his co-defendants, Samuel C. Scott, James R. Bryant and David W. Hughes, to execute jointly with him to the plaintiff their certain bond and writing obligatory, a copy of which is filed herewith and made a part hereof, marked Exhibit 'A,' in the sum of twenty-five hundred dollars ($2,500.00), conditioned that the said Ed. C. Scott would faithfully perform the duties of his said employment, and faithfully and truthfully report all his transactions as such employe, and faithfully account for and pay over to the plaintiff all moneys and notes received by him for plaintiff's use.

"And the said defendants having so, as aforesaid, executed said bond, they delivered the same to Ed. C. Scott for delivery by him, to the plaintiff, and the said Ed. C. Scott on the —— day of April, 1892, delivered

the same to the plaintiff, which said bond the plaintiff then and there approved and accepted, and said defendant thereupon entered upon his duties as such employe and so thereunder continued in said employment from the 5th day of April, 1892, until the 19th day of December, 1892, as said defendants then and there and at all times well knew.

"That between the 5th day of April, 1892, and the 19th day of December, 1892, the said defendant, Ed. C. Scott, as such commercial traveler, salesman and employe, received money to the value and aggregate sum of $3,500.00 to the use of the plaintiff, for which he has failed and refused to account to the plaintiff, and has converted the same to his own use, to plaintiff's damage, in the sum of $3,500.00, which is due and unpaid.

"That notice of said default was promptly given by plaintiff to said defendants, and payment of said bond demanded of them, but to pay the same or any part thereof they wholly failed and refused, and the same remains due and wholly unpaid. Wherefore plaintiff demands judgment for $3,000.00."

The bond a copy of which was filed with the complaint and marked Exhibit "A," is as follows:

"Know all men by these presents, That Ed. C. Scott, of Montgomery county, in the State of Indiana, and Samuel C. Scott, J. R. Bryant and David W. Hughes, ———— county, State of Indiana, are hereby bound and by these presents do bind ourselves to George W. Stout, of Marion county, State of Indiana, in the penal sum of twenty-five hundred dollars ($2,500.00). The conditions of this bond are that, whereas the said Ed. C. Scott has applied for and been given employment by the said George W. Stout to represent the said George W. Stout as commercial traveler, to solicit

orders, make sales and collections for goods handled by said George W. Stout in connection with his business of wholesale grocer.

"Now, therefore, if the said Ed. C. Scott shall faithfully perform the duties of his said employment, and make a true and faithful report of all his transactions and pay over to the said George W. Stout all sums of money or notes by him received for his said employer, then this bond shall be null and void, otherwise be in full force and effect.

[Signed.]     ED. C. SCOTT,
              SAMUEL C. SCOTT,
              J. R. BRYANT,
              DAVID W. HUGHES.

"STATE OF INDIANA, ⎱ ss.
MONTGOMERY COUNTY. ⎰

Personally appeared before me, Samuel C. Scott, David W. Hughes, J. R. Bryant, and acknowledged the above signatures as their own.

          S. E. VERIS, Notary Public."

The demurrers of the defendants to this complaint were overruled.

The defendants, J. R. Bryant and David W. Hughes, filed a joint answer in four paragraphs.

The defendant, Samuel C. Scott, answered separately in two paragraphs, the first being a general denial, and the second a plea of "no consideration."

The plaintiff's demurrers to the first and second paragraphs of the joint answer of Bryant and Hughes were sustained.

The plaintiff then replied to the third and fourth paragraphs of said joint answer by a general denial, and a general denial was also filed to the second paragraph of Samuel C. Scott's answer.

Upon the issues so joined a trial was had by the

court, without the intervention of a jury, and the court, having been thereunto requested by the appellants, the defendants below, made the following special finding of facts and conclusions of law thereon, to-wit:

"Come the parties as heretofore appearing and now the court, having been requested by the defendants, before the introduction of any evidence, to find the facts and conclusions of law, now makes the following finding of facts in the cause and the conclusions of law thereon:

"That the plaintiff, George W. Stout, in the spring of 1892, and for a number of years prior thereto and ever since, resided and was engaged in the wholesale grocery business in the city of Indianapolis, Indiana, and employed a number of salesmen to travel over the country, and make sales of his goods to retail dealers, and send in orders to plaintiff's wholesale house for said goods as such salesmen were able to sell to said retail dealers, and to collect the money due the plaintiff from said retail dealers for the goods so sold to them prior thereto, and that the said collections so made were remitted and reported to plaintiff by said salesmen at stated periods.

"That in February and March, 1892, the defendant, Ed. C. Scott, resided in the city of Crawfordsville, Indiana, and came to plaintiff's place of business in the city of Indianapolis, and applied for the position of traveling salesman, but was informed by the plaintiff that he had no position of this kind then open, but that he would employ the defendant as a porter in his wholesale house, and for his services would pay him the sum of one dollar per day.

"That the said defendant, Ed. C. Scott, accepted and entered upon said employment upon the terms aforesaid and continued to work in plaintiff's said whole-

sale house for a portion of about two or three weeks,
when he was taken sick and returned to his home in
Crawfordsville, where he remained a short time and
until he recovered his health, when he returned to
plaintiff's employment, and by the direction of the
plaintiff was put to work about said store at a lighter
class of work than he had heretofore been engaged
in. That he so continued in said work for two or three
weeks, and while so at work entered into a contract
with plaintiff, of the following tenor and effect: That
in consideration of the said defendant, Ed. C. Scott,
furnishing the plaintiff with a satisfactory recom-
mendation of his character and a good and acceptable
bond in the sum of $2,500.00, and would render his
services to the plaintiff in the capacity of a traveling
salesman, and would go upon the road as such
throughout a specified territory, selling plaintiff's
goods to retail dealers, taking and sending plaintiff
orders for the same, and collecting money due to the
plaintiff from his said customers, and remitting and
reporting the same at weekly intervals to plaintiff;
that plaintiff would pay to the said Ed. C. Scott forty
per cent. of the gross profits on the sales made by the
said Ed. C. Scott, less his expenses and forty per cent.
of the losses on the goods so sold by him.

"That in pursuance of the terms of said contract,
and as a part thereof and contemporaneous therewith,
the said defendant, Ed. C. Scott, executed said bond
sued on herein, and caused the same to be executed by
his co-defendants, Samuel C. Scott, James R. Bryant
and David W. Hughes, and the said Samuel C. Scott,
David W. Hughes and James R. Bryant, sureties, hav-
ing so signed the said bond, delivered the same to Ed.
C. Scott, to be delivered by him to the plaintiff, George
W. Stout, in compliance with the said contract of em-
ployment theretofore made between the said George

W. Stout, plaintiff, and the said Ed. C. Scott, and the said Ed. C. Scott delivered the said bond to plaintiff on or about April 1, 1892, and said bond was then and there accepted by the plaintiff, which bond was in the words and figures following:"

The bond a copy of which is filed with the complaint is here set out in the finding.

"That there was a good, valid and sufficient consideration for the execution of said bond by said defendants. That immediately, or soon after the delivery of said bond to the plaintiff, and acceptance thereof by the plaintiff, and his recommendations aforesaid, the said defendant, Ed. C. Scott, entered upon the discharge of his duties as such salesman, under said contract, selling plaintiff's goods to retail dealers, sending plaintiff orders for the same and collecting from plaintiff's customers money due plaintiff, and so continued until about the 19th day of December, 1892, at which time he voluntarily quit plaintiff's services, and failed to report any orders for goods or remit any money or collections, and wholly disappeared and fled the State of Indiana, and is now a fugitive from justice and his whereabouts unknown.

"The court further finds between the date of the delivery of said bond by the said Ed. C. Scott, about April 5, 1892, and the 19th day of December, 1892, he, the said Ed. C. Scott, while so employed, collected and received for plaintiff's use and benefit from said plaintiff's said customers, in the aggregate, the sum of $3,440.00, and appropriated the same to his own use, and embezzled the same and failed to deliver or pay the same, or any part thereof, to the plaintiff, or in any way account to the plaintiff for the same; which said amount of $3,440.00 is still due the plaintiff, with interest thereon, and remains unpaid.

"That said bond so executed to the plaintiff by the

said defendants, Ed. C. Scott as principal, and Samuel C. Scott, James R. Bryant and David W. Hughes as sureties, was in the penal sum of $2,500.00, conditioned that the said Ed. C. Scott would faithfully perform the duties of his said employment, and faithfully and truthfully report all his transactions and pay over to the said George W. Stout, plaintiff, all sums of money or notes by him received for his employer, the said plaintiff, then the said bond should be null and void, otherwise remain in full force and effect.

"That said bond was executed by each and all of the defendants in pursuance of the said contract of employment theretofore entered into, and between the plaintiff and the said Ed. C. Scott, and as a part of and contemporaneous therewith and before the said Ed. C. Scott entered upon the discharge of his duties in pursuance thereof. That the sureties on said bond had knowledge soon after the execution of said bond of the fact that the said Ed. C. Scott had taken employment with the plaintiff as such salesman under said contract.

"The court further finds that at the time and prior to the making of the contract of employment between plaintiff and said Ed. C. Scott, the plaintiff had no knowledge of any facts impairing the good character of said Ed. C. Scott, and did not learn of any rumors affecting his good character until after he had fled the country. That during all of said time said Ed. C. Scott was a married man and resided at said city of Crawfordsville, where his father, Samuel C. Scott, and James R. Bryant and David W. Hughes resided, and visited his home and the city of Crawfordsville on an average of every two weeks during all the time he was engaged with the plaintiff. That on the 24th day of December, 1892, the plaintiff, by his

letter to the several defendants other than the said Ed. C. Scott, notified them of the fact that the said Ed. C. Scott had defaulted on his contract and on said bond, and embezzled said money, which letter was duly received by the defendants, demanding payment.

"That there has been undue and unreasonable delay in the payment of the principal of said bond since notice of default and demand for payment.

"The court further finds that there has been a breach of the conditions of said bond, and that the plaintiff has been damaged thereby in the sum of $2,500.00, with 6 per cent. interest since June 24, 1893, six months after notice, amounting in the aggregate to the sum of $2,718.00, and that the defendants in this action, to-wit: Samuel C. Scott, James R. Bryant and David W. Hughes, are indebted to the said plaintiff in the said sum of $2,718.00, which is due and unpaid.

"And as conclusions of law upon the facts, the court finds that the law is with the plaintiff, and that he is entitled to a judgment in this action against the defendants, Samuel C. Scott, James R. Bryant and David W. Hughes, in the sum of $2,718.00, and the costs in this action, collectible with relief."

The appellants' motion for a new trial was overruled, and the judgment was entered against them in accordance with the special finding.

The appellants, James R. Bryant and David W. Hughes, jointly assign the following errors.

"1. The court erred in overruling the joint separate demurrer of said appellants, James R. Bryant and David W. Hughes, to the second and third paragraphs of the complaint.

"2. The court erred in sustaining a demurrer to the first and second paragraphs of the joint answer of said appellants, Bryant and Hughes.

"3. The court erred in overruling the motion for a new trial.

"4. The court erred in its conclusions of law upon the facts found."

The appellants, James R. Bryant, David W. Hughes and Samuel C. Scott jointly assign the following errors:

"1. The court erred in overruling the motion for a new trial.

"2. The court erred in its conclusions of law upon the facts found."

In order to sustain the second error assigned by Bryant and Hughes jointly, it is necessary for them to show that both the first and second paragraphs of their answer are sufficient.

The ruling on the first paragraph has not been attacked in argument. Assuming the first paragraph to be insufficient the second error assigned by said appellants has not been sustained. *Everett* v. *Farrell*, 11 Ind. App. 185, 187.

The question presented by the other errors assigned is whether, in the absence of notice by appellee to appellants of the acceptance of the bond, the appellee can recover on the bond in this action.

The substantial facts, proven beyond any controversy, as to the execution of the bond, are these:

Ed. C. Scott applied in person to Stout for employment as salesman; Stout made a conditional contract of employment with him, and the condition was that Scott was to secure a bond in the sum of $2,500.00; Scott said that he could get and give the bond; Scott then lived and continued thereafter to live at Crawfordsville, Indiana, and all of the appellants lived there; Scott went to Crawfordsville, and he and his father, Samuel C. Scott, one of the appellants, procured the execution of the bond in suit, and appellants

then knew Ed. C. Scott would be employed by appel-
lee "if he could give a bond," and this bond, so signed,
was delivered by appellants to Ed. C. Scott, for de-
livery by him to Stout; and Ed. C. Scott brought the
bond to Indianapolis and delivered it to Stout, and
Stout accepted it, and closed the contract of employ-
ment, and at once, and under said contract and bond,
Ed. C. Scott entered upon his said employment.

The contention of counsel for appellants is ad-
dressed more especially to the evidence, but the ques-
tion is fairly presented in their argument in support
of the demurrer to the complaint.

Is the bond in suit a contract of guaranty? Counsel
rely on *La Rose* v. *Logansport Nat. Bank,* 102 Ind. 332,
as decisive of this question.

In that case, Judge Mitchell, with whom Judge
Howk we presume concurred, held that the bond of
the cashier was a continuing guaranty collateral to
the contract of employment. On the other hand
Judge Elliott, with whom Judge Zollars expressly
concurred, held that the bond was an original under-
taking on which the bondsmen were liable as sureties.

Judge Niblack declined to commit himself to the
doctrine of that part of Judge Mitchell's opinion
"which holds the bond sued on to be a contract of
guaranty, and not of suretyship." All the judges con-
curred in the conclusion that the judgment against
the cashier and the sureties on his bond should be
affirmed.

It is quite clear to us that the question whether the
bond was a contract of guaranty or suretyship was
not determined in that case.

The distinction between a guaranty and a surety
has been discussed in many cases in the Supreme
Court and in a few cases in the appellate court and
we cite some of them. *Nading* v. *McGregor,* 121 Ind.

465; *Wright* v. *Griffith,* 121 Ind. 479, 6 L. R. A. 639; *Bechtold* v. *Lyon,* 130 Ind. 194, 202; *Furst & Bradley Mfg. Co.* v. *Black,* 111 Ind. 308; *Snyder* v. *Click,* 112 Ind. 293; *Shearer* v. *Peale & Co.,* 9 Ind. App. 282; *Conduitt* v *Ryan,* 3 Ind. App. 1; *Lane* v. *Mayer,* 15 Ind. App. 382.

It will be noticed in *Nading* v. *McGregor, supra;* *Wright* v. *Griffith, supra; Bechtold* v. *Lyon, supra; Snyder* v. *Click, supra; Furst & Bradley* v. *Black, supra; Shearer* v. *Peale & Co., supra; Conduitt* v. *Ryan, supra,* the contract signed by the sureties, or guarantors, in each instance, is a separate and independent writing or undertaking from the contract or obligation of the principal.

In *Conduitt* v. *Ryan, supra; Shearer* v. *Peale & Co., supra; Nading* v. *McGregor, supra,* and *Wright* v. *Griffith, supra,* it was held that the contract sued upon was, in each case, an original or absolute undertaking and not a collateral, and that the signers were liable thereon as sureties, or as upon a contract in the nature of suretyship.

In this case and in *La Rose* v. *Logansport Nat. Bank, supra,* the action was brought on the contract executed jointly by the principal and the sureties or guarantors.

A guarantor "cannot as a general rule be sued with his principal, inasmuch as his liability arises strictly from his individual contract." *Conduitt* v. *Ryan, supra.*

Brandt in his work on Suretyship and Guaranty, says: "The contract of the guarantor is his own separate undertaking in which the principal does not join." Section 1, second edition.

The contract of guaranty is "not merely an engagement jointly with the principal to do a thing." *McMillen* v. *Bulls Head Bank,* 32 Ind. 11.

In this case the bond is an agreement that one of the obligors shall pay to the appellee all moneys received by him for appellee. There is no distinct or different liability on the bond. The liability of the obligors is on the same bond, accrues at the same time, and arises from one and the same breach of one and the same contract, and all of them may be jointly sued in one and the same action.

In this connection we quote from Judge Frazer's opinion as follows: "There is no case in the books to our knowledge, and some pains have been bestowed in their examination, in which one contracting jointly with the principal debtor has been deemed a guarantor." *McMillen* v. *Bank, supra.*

In *Davis Sewing Machine Co.* v. *Richards,* 115 U. S. 524, the undertaking of the guarantors was not a 'joint engagement with the principal. The contract signed by them was collateral to the separate agreement entered into by him.

Assuming, without deciding, that the bond in suit is a contract of guaranty, is it binding on appellants because they were not notified by appellee of his acceptance of such bond or guaranty?

On this question, "The distinction is drawn between an absolute guaranty and an offer to guaranty." Section 194, Brandt on Suretyship and Guaranty. In cases of absolute guaranty no notice of acceptance by the guarantee is required, and in cases of offer to guaranty notice of acceptance by the guarantee must be given to the guarantors.

In *Furst & Bradley Mfg. Co.* v. *Black, supra,* it is said: "Where, however, the guaranty is for the fulfillment of a contract already made, or for one executed contemporaneously with the contract of guaranty, or for the payment of an existing debt, or where the contract of guaranty is upon a consideration dis-

tinct from the credit extended to the principal debtor, and which moves directly between the guarantor and guarantee, notice of acceptance is unnecessary. In such cases the acceptance of the guaranty, and the performance of the consideration upon which it rests, are all that are essential to make the contract complete and enforceable." *Davis* v. *Wells*, 104 U. S. 159; *Wills* v. *Ross*, 77 Ind. 1, 40 Am. R. 279; *Kline* v. *Raymond*, 70 Ind. 271; *Cooke* v. *Orne*, 37 Ill. 186.

In the case of *Davis* v. *Wells, supra,* the syllabus is by Justice Matthews, who wrote the opinion, and part of the same is as follows:

"1. The rule, requiring notice by the guarantee of his acceptance of a guaranty and his intention to act under it, applies only where the instrument being, in legal effect, merely an offer or proposal, such acceptance is necessary to that mutual assent, without which there can be no contract.

"2. If made at the request of the guarantee, the guaranty becomes the answer of the guarantor to a proposal, and its delivery to the guarantee or for his use completes the communication between them and constitutes a contract. The same result follows where the agreement to accept is contemporaneous with the guarantee and constitutes its consideration."

In *Snyder* v. *Click, supra,* the Supreme Court said: "Under the evidence in this cause appellee's guaranty was fully executed by the delivery thereof, by his authority, contemporaneously with the execution of the written contract of lease, upon which such guaranty was endorsed for 'the fulfillment of the within contract,' and notice to appellee of appellant's acceptance of such guaranty was wholly unnecessary."

In that case the lease was written before, but was not signed by the lessor or lessee until the guarantee signed by the sureties or guarantors was delivered by

the lessee to the lessor.  The only material difference between that case and this is that in that case the lessee did not sign the contract or guaranty, and the payments guaranteed were a definite amount each month.

In *Furst & Bradley Mfg. Co.* v. *Black, supra,* the two contracts were executed as parts of the same transaction and it was held that notice of the acceptance of the undertaking signed by the guarantors was not necessary.

In *Bechtold* v. *Lyon, supra,* the performance guaranteed was not definite in its amount; but it was held that as the contract of guaranty was executed contemporaneously with the other contract, no notice of acceptance was necessary.

In *Wright* v. *Griffith, supra,* it was held that no notice of the acceptance of the guaranty is required where it is a part of the consummation of the contract to which it is collateral.  It is there said: "Where, however, the delivery of the guaranty is not a mere incipient step in the transaction, but is in fact a part, or the consummation of the contract to which it is collateral, the acceptance of the guaranty and the performance of the consideration upon which it rests are all that are essential to make the contract complete and enforceable.  *Snyder* v. *Click,* 112 Ind. 293, and cases cited; *Davis* v. *Wells,* 104 U. S. 159.  *   *   *

"When the contract of guaranty is executed contemporaneously with, and as a part of, the consideration for the contract or transaction guaranteed, the law imputes notice to all the parties immediately related to the transaction of its character and extent, and no further notice of the acceptance of the guaranty is required.  *Furst & Bradley Mfg. Co.* v. *Black, supra;* Brandt Suretyship and Guaranty, section 164; *Paige* v. *Parker,* 8 Gray 211."

In this case appellants, with Ed. C. Scott, obligated themselves to pay over to appellee all sums of money received by him for his employer. The guaranty was executed by the delivery thereof to appellee as a part of the consummation of the contract between him and Ed. C. Scott. The bond was not a mere offer to guaranty, but was a conclusive and absolute undertaking to pay to appellee all moneys collected by Scott for him, and no notice of its acceptance was, under the circumstances, necessary. *Jackson* v. *Yandes*, 7 Blackf. 526, and authorities hereinbefore cited.

In the case in hand the bond is a joint engagement by appellants and the principal to pay to the appellee the money collected by Scott. The sureties or guarantors are jointly sued with the principal, but as the principal absconded, he was not served with process. We find no case in which the sureties or guarantors and the principal entered into a joint engagement, such as the one before us, wherein it has been held that notice of acceptance by the guarantee to the guarantors was required. The bond in suit, if a guaranty, is certainly one of conclusive guaranty and not a mere overture to guaranty, and if this is correct, no notice of acceptance was necessary. *Evans & Co.* v. *McCormick*, 167 Pa. St. 247, 31 Atl. 563, and authorities there cited.

In *Tolman* v. *Means*, 52 Mo. App. 385, the original contract was entered into between the salesman and his employers in Chicago. Several days after executing the contract of employment the salesman procured the guarantors to sign the guaranty undertaking. The salesman did not sign this instrument. The court held that notice to the guarantors was required, but that as the guarantors had knowledge that they were accepted, this was sufficient. See *Burns* v.

*Singer Mfg. Co.*, 87 Ind. 541; *Gage* v. *Lewis*, 68 Ill. 604, 618.

Judgment affirmed.

## ON PETITION FOR REHEARING.

DAVIS, J.—On petition for rehearing counsel for appellants insist that the first paragraph of the answer of Bryant and Hughes was sufficient, and that the court erred in sustaining the demurrer thereto.

The substance of the paragraph of the answer is "that the plaintiff never, at any time, prior to the commencement of the suit, notified them that he had given employment to said Ed. C. Scott as such traveling salesman."

The contention of counsel for appellants is that notice to appellants that the bond had been accepted was necessary in order to make it obligatory on them. On careful examination and consideration of the question on the former hearing we were of the opinion that "no notice of acceptance was necessary."

Although counsel for appellants have reargued the question with great skill and ability we are of the opinion that our conclusion on the original hearing is correct.

Therefore no reason exists for granting a rehearing.

Petition overruled.