## DURAND & KASPER COMPANY *v.* ROCKWELL ET AL.

### [No. 2,775. Filed October 4, 1899.]

PRINCIPAL AND SURETY.—*Bond.*—*Guaranty.*—A bond executed by a salesman and his sureties, conditioned that the salesman should faithfully account for and pay over or deliver unto his employer all moneys, securities or other personal property coming into his possession or control, is a contract of suretyship, and not a collateral guaranty. *pp. 11-13.*

SAME.—*Bond.*—*Action on.*—Where by the terms of a bond the sureties are jointly bound with the principal as original promisors, the liability of all the obligors in the bond accrues at the same time, and arises from one breach of the same contract. *p. 13.*

SAME.—*Bond.*—*Contracts.*—A condition in a contract entered into by a salesman with his employer that he would conform to any and all rules now in force or hereafter established by the employer for the conduct of its business is broad enough to include a requirement that the salesman should collect the money for goods he himself sold. *p. 13.*

From the Lake Circuit Court.　*Reversed.*

*Thomas J. Wood,* for appellant.

ROBINSON, J.—Suit on a bond executed by Rockwell, as principal, and appellees Rudolph and Raasch as sureties. Judgment in appellees' favor. The grounds of the motion for a new trial were that the finding and judgment were contrary to the evidence and the law. Overruling this motion is the only error assigned.

In 1890, appellee Rockwell entered into a contract with H. C. & C. Durand. By the terms of the contract it was provided that the firm engaged Rockwell to sell goods. Rockwell was to pay his own expenses and receive in lieu of all other compensation forty-five per cent. of the profits on sales of goods made by him or to his trade; to draw his share of profits only as fast as the bills upon which the profits were made were collected in; the firm to be final judge of all credit given customers; Rockwell to use his best efforts to avoid losses and help collect difficult accounts, and to pay

forty-five per cent. of all losses and bad debts, all allowances and reclamations, all needful expense, costs and fees; and carry his proportion of all suspended and delayed accounts; and to conform to any and all rules the firm might make for the conduct of its business.

In January, 1894, the firm organized into the appellant corporation. Afterwards Rockwell executed a bond to appellant with appellees Rudolph and Raasch as sureties on the bond. The bond was executed by "W. C. Rockwell, as principal, and J. Martin Rudolph and Paul E. Raasch, as sureties," and was conditioned as follows: "The condition of the above obligation is such that whereas the above bound W. C. Rockwell has been assigned to the position of salesman by Durand & Kasper Co., and whereas during the term of employment, or at some time subsequent thereto, there may come into the hands or control of the said W. C. Rockwell moneys, securities, or personal property of some kind belonging to Durand & Kasper Co., or in which they may be interested; now, therefore, if the said W. C. Rockwell shall well and truly, without loss or delay, faithfully account for and pay or deliver over unto the said Durand & Kasper Co., all such moneys, securities, and other personal property so coming into his possession or under his control, and shall not divert or retain any portion thereof upon any pretext whatever, then in that case the above obligation to be void, and otherwise to remain in full force and effect."

We have not been favored with any brief by appellee, but we are informed by appellant's brief that the real controversy is the legal effect of the bond, and that the bond was held to be a contract of guaranty. Appellant's counsel insist that the bond is a contract of suretyship, and we think their view the correct one. The bond shows an original undertaking on the part of appellees Rudolph and Raasch, and not a collateral guaranty. They did not undertake to pay any damages resulting from Rockwell's default; but they undertook to do the thing Rockwell had promised to do

in the event he failed. Thus this court said in *Wheeler* v. *Rohrer*, 21 Ind. App. 477: "In a strict collateral guaranty, the guarantor does not undertake to do what the principal is bound to do, but he undertakes, in the event the principal fails to do what he has promised, to pay damages for such failure. A guarantor undertakes to pay such damages as result from the principal's default. A surety undertakes to do the particular thing if the principal fails. See *Nading* v. *McGregor*, 121 Ind. 465, 470, 6 L. R. A. 686; *Newcomb, etc., Co.* v. *Emerson*, 17 Ind. App. 482; *Conduitt* v. *Ryan*, 3 Ind. App. 1; *Lane* v. *Mayer*, 15 Ind. App. 382; *Bryant* v. *Stout*, 16 Ind. App. 380; Brandt Sur. & Guar. (2nd ed.), §1."

The sureties bound themselves jointly with the principal as original promisors and gave a right to sue them jointly with the principal. The liability of all the obligors in the bond accrues at the same time on the same instrument, and arises from one breach of the same contract. See *Burns* v. *Singer Mfg. Co.*, 87 Ind. 541; *Morgan* v. *Smith, etc., Co.*, 73 Ind. 179; *Shearer* v. *Peale*, 9 Ind. App. 282; *McMillan* v. *Bank*, 32 Ind. 11, 2 Am. Rep. 323.

It appears from the record that but one contract was made, and that when the firm became a corporation this contract was continued by consent of the parties. The bond refers to a contract, and as this was the only contract made, reference must have been had to it in the bond. From the language used, it was certainly contemplated at the time the bond was executed that money belonging to appellant might come into Rockwell's hands under his employment. The bond was made with reference to the contract, and the contract provides that during his engagement, Rockwell agrees to conform to any and all rules now in force or hereafter established by appellant for the conduct of its business. This clause is broad enough to include a requirement that Rockwell should collect the money for goods he himself sold; and money thus coming into his hands would be within the terms of the bond.

There is undisputed evidence in the record that Rockwell had collected money belonging to appellant which he failed to pay over. We think the finding is contrary to the evidence; and that appellant's motion for a new trial on that ground should have been sustained.

Judgment reversed.

Henley, J., absent.