YOUNG *v.* THE MERLE & HEANEY MANUFACTURING
COMPANY.

[No. 22,972.  Filed December 16, 1915.  Rehearing denied February
17, 1916.]

1.  PRINCIPAL AND SURETY.—*Nature of Contract.—Guaranty.—
Surety.*—Where the form of the contract is that of an original and
absolute undertaking to pay the debt of another, the liability of the
promisor is that of surety, but if the other is to pay in the first
instance and the promisor's liability attaches only upon his de-

fault, the contract is one of strict guaranty; hence, a contract by appellant's grantor guaranteeing performance by the principal obligor of his agreement concerning the sale of goods on consignment is one of strict guaranty.  p. 408.

2.  GUARANTY.—*Rights of Guarantor.—Notice.*—A guarantor is entitled to timely notice of the default of the principal, to the end that he may take steps to indemnify himself against loss that may otherwise occur.  p. 408.

3.  APPEAL.—*Questions Reviewable.—Evidence of Waiver.*—Where failure to notify a guarantor of the default of the principal was pleaded, no question was presented for review on the admission of evidence to show a waiver of such notice, on the ground that waiver was not pleaded, in the absence of any objection on that ground.  p. 408.

4.  GUARANTY.—*Rights of Guarantor.—Waiver.*—A guarantor may waive the steps necessary to fix his liability, or estop himself from taking advantage of the failure to take such steps.  p. 409.

5.  FRAUDULENT CONVEYANCES.—*Action.—Evidence.*—Where plaintiff, seeking to set aside a conveyance as in fraud of creditors, alleged that defendant conveyed the real estate to her sister for a colorable consideration of one dollar, but for no actual consideration whatever, and to support such pleading introduced the deed in evidence, but offered no evidence on the question of fraud, and the uncontradicted evidence of the defense showed that the conveyance was to discharge an indebtedness owing by the grantor to grantee in an amount exceeding the highest estimate placed by plaintiff on the value of the land, a finding and judgment for plaintiff was not authorized.  pp. 409, 410

6.  FRAUDULENT CONVEYANCES.—*Preferences.—Right of Debtors.*—A failing debtor has the right by the conveyance of property to prefer one creditor over another, even if that creditor be a relative, and it is not fraudulent for such creditor to take such conveyance.  p. 410.

From Pike Circuit Court; *John L. Bretz*, Judge.

Action by The Merle & Heaney Manufacturing Company against Lillian M. Young and others. From a judgment for plaintiff, the defendant named appeals.  (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.)  *Reversed.*

*George A. Cunningham* and *Daniel H. Ortmeyer*, for appellant.

*Lane & Osborne* and *Frank Ely*, for appellee.

ERWIN, J.—Appellee brought this action against appellant, her sister, Lizzie, and E. H. Caulfield on a bond executed by Lizzie and Caulfield; and to set aside a conveyance of certain real estate made by Lizzie to appellant which bond is as follows:

"Know all men by these presents, That I, E. H. Caulfield, under and by virtue of the laws of the State of Louisiana, and having its principal office at New Orleans, La., as principal and L. Young, of New Orleans, La., as surety, are held and firmly bound unto the Merle & Heaney Manufacturing Company, a corporation, organized and existing under and by virtue of the laws of the State of Illinois, having its principal office at Chicago, Illinois, in the penal sum of two thousand dollars ($2,-000.00), lawful money of the United States, for the payment of which sum well and truly to be made, I bind myself, my heirs, executors and administrators firmly by these presents. Signed with my seal and dated this 14th day of September, A. D., 1904. The condition of the above obligation is such that whereas the principal obligor herein and the obligee have on the date hereof entered into a written agreement duly executed wherein said obligee is to furnish certain goods on consignment for sale in the State of Louisiana by said principal obligor and containing sundry and divers covenants and agreements to be performed by and on the part of said principal obligor, E. H. Caulfield, which agreement provides for the giving of a bond of two thousand dollars ($2,000.00) by said principal obligor as a guarantee of the performance on its part of the covenants and provisions therein contained. Now, therefore, if said principal obligor herein, E. H. Caulfield, shall at any and all times hereafter during the life of said agreement dated September 14, 1904, a full copy of which is hereto attached marked Exhibit 'A' fully keep and perform each and all covenants, conditions, contracts and

agreements therein contained and undertaken by said E. H. Caulfield promptly and when at any and all times the same shall accrue or become due in each and every respect, then the above obligation to be void; otherwise to remain in full force and effect."

A trial by the court resulted in a finding and judgment for appellee in the attachment proceeding setting aside the deed from Lizzie to appellant, and ordering the sale of the property in question. Caulfield and Lizzie defaulted; appellant answered in three paragraphs; the third paragraph is as follows: "The defendant, Lillian M. Young, for her third paragraph of answer to the complaint of the plaintiff herein alleges: That said E. H. Caulfield named in said complaint was in default in the payment of various large sums of money due from him to said plaintiff under and by virtue of the terms and conditions of the contract described in said complaint in the month of November, 1907, and again in the month of February, 1908, and at various other times prior to said month of November, 1907, and between said month of November, 1907, and said 23d day of May, 1908, all of which defaults were at said times well known to said plaintiff and unknown to said Lizzie Young; and that said plaintiff did not notify said Lizzie Young of said defaults or either of them prior to the 23d day of May, 1908. That on or about the 23d day of May, 1908, said plaintiff notified said Lizzie Young of the default of said E. H. Caulfield in the payment of various large sums of money due from said Caulfield to said plaintiff under and by virtue of the terms and conditions of said contract; and that prior to said 23d day of May, 1908, said Lizzie Young had no notice or knowledge of said default of said Caulfield. And that said default of said Caulfield had existed for a

period of more than six months prior to said 23d day of May, 1908, all of which was at the time known to said plaintiff. That if said Lizzie Young had had notice or knowledge of said defaults of said Caulfield prior to said 23d day of May, 1908, she could and would have protected herself by terminating her liability under and by virtue of the bond described in said complaint. That at the time said various defaults occurred and prior to said 23d day of May, 1908, said Caulfield was solvent and was the owner of three thousand dollars ($3,000) worth of personal property situated in the city of New Orleans, State of Louisiana, subject to execution, out of which said indebtedness of said Caulfield to said plaintiff could have been made and collected, and that on said 23d day of May, 1908, said Caulfield was wholly insolvent and has been wholly insolvent ever since said date, and is now wholly insolvent; and that if said Lizzie Young is compelled to pay said indebtedness she will lose the whole amount thereof; and that if said Lizzie Young had been notified of said defaults by said plaintiff or had had knowledge thereof prior to said 23d day of May, 1908, she would not have been compelled to pay or lose the same; and that by reason of the foregoing, this defendant Lillian M. Young has been damaged in an amount equal to the claim of said plaintiff. Wherefore the defendant Lillian M. Young demands judgment against said plaintiff, and for all other proper relief."

It is contended by appellant that Lizzie stood in the relation of guarantor and as such was entitled to notice of the defalcation of her principal upon the discovery of same by appellee and that by reason of the failure of appellee to give her such notice she was released from liability on such bond; while appellee contends that Lizzie was surety for Caulfield

and as such was not entitled to notice. The distinction between contracts of suretyship and guaranty has been ably defined by Mitchell, J., in *Ward* v. *Wilson* (1885), 100 Ind. 52, 50 Am. Rep. 763, and in *Furst & Bradley Mfg. Co.* v. *Black* (1887), 111 Ind. 308, 313, 12 N. E. 504. In the case last cited the learned judge says: "Where the form of the contract is that of an original and absolute undertaking to pay the debt of another, the liability of the promisor is that of a surety; but where the agreement is that another shall pay in the first instance, and the promisor becomes liable only for the default of the other the contract is one of strict guaranty," citing *Allen* v. *Hubert* (1865), 49 Pa. St. 259. These two cases by Mitchell, J., have never been overruled, criticised or modified by any subsequent decisions of this court and have been cited by the courts of many other states. See 20 Cyc 1446, 1461. We are of the opinion that the contract in suit is one of guaranty, and not one of suretyship. It is well settled that the guarantor was entitled to timely notice of the default of the principal, to the end that she might have taken steps to indemnify herself from the loss which resulted from the want of such notice. *Ward* v. *Wilson, supra; Furst & Bradley Mfg. Co.* v. *Black, supra; Milroy* v. *Quinn* (1879), 69 Ind. 406, 35 Am. Rep. 227; *Gaff* v. *Sims* (1873), 45 Ind. 262; 20 Cyc 1461, note 54. Under the law of Louisiana notice of nonpayment to the guarantor is necessary in all contracts of guaranty. *McGuire* v. *Newkirk* (1845), 6 Ark. 142; 20 Cyc 1461.

But we are confronted with another proposition. On the trial of this cause the court allowed appellee to show that on May 23, 1908, when Lizzie, the guarantor, was notified of the default of Caulfield that she waived her right to notice of

such defalcation by executing the following waiver:

"New Orleans, La., May, 23, 1908.   I, L. Young, hereby consent that the Merle and Heaney Manufacturing Company of Chicago, Illinois, accept notes from E. H. Caulfield in liquidation of his obligations to them, and I agree that such acceptance shall in no wise release me as surety upon the bond of said E. H. Caulfield, date of the 14th day of September, 1904.   L. Young."

Appellee also offered in evidence certain promissory notes of Caulfield and Lizzie covering the amount of the defalcation.   No reply or other pleading was tendered by appellee claiming that Lizzie waived her right to notice by the execution of the waiver above set out or the notes so introduced in evidence. These matters would have been proper in reply, and should have been pleaded to authorize their introduction, but no objection was interposed on that ground and the same presents no question 4. for review.   "A guarantor may waive the steps necessary to fix his liability, or estop himself from taking advantage of the failure to take such steps."   20 Cyc 1471, note 99; *Ashford* v. *Robinson* (1847), 30 N. C. 114.

No personal judgment was rendered in this cause against any of the parties defendant.   The only judgment entered was on the attachment proceedings as heretofore stated.   Plaintiff alleges in its complaint, "That on the 10th day of June, 1909, for the purpose and with the intent to cheat, hinder and delay her creditors including plaintiff, and to avoid the payment of said bond, the said defendant, Lizzie Young, conveyed said real estate to the defendant, Lillian M. Young, by deed, for a colorable consideration of one dollar ($1.00) but for no actual consideration whatever."   To maintain this plea appellee introduced the deed from Lizzie

to appellant, but offered no evidence upon the question of fraud. Appellant and her sister Lizzie both testified that at the time the conveyance was made Lizzie was indebted to her, appellant, in the sum of $2,600 and that the property was conveyed to appellant in payment of that indebtedness, specifying each item of indebtedness, about $700 of which was money borrowed by appellant and used by Lizzie in payment of a part of the notes she executed as surety of Caulfield on May 23, 1908. This testimony was not controverted. Neither of said witnesses was discredited in her reputation for truth and veracity.

The evidence of appellee is that the real estate is and was in June and July, 1909, of the value of $2,475. The testimony of appellant's witnesses fixed the value of the same at from $1,700 to $1,800. No witness fixed the value of the real estate in question at more than was paid for the same by appellant, by reason of the extinguishment of a pre-existing debt. A failing debtor has the right by the conveyance of property to prefer one creditor over another even if that creditor be a relative and it is not fraudulent for such creditor to take such conveyance. *Larch* v. *Holz* (1913), 53 Ind. App. 56, 65, 66, 101 N. E. 127; 20 Cyc 497. The evidence in this case clearly establishes the fact that the conveyance sought to be set aside was a *bona fide* transaction and made not only for a valuable consideration but for a consideration in excess of the actual value of said real estate. It must therefore follow that the finding and judgment of the court are not sustained by the evidence and are contrary to law. Judgment reversed with instructions to the court below to grant a new trial.

NOTE.—Reported in 110 N. E. 669. As to the creditor's duty to the

surety, see 115 Am. St. 85.   On the necessity of notice of default to bind a guarantor, see 20 L. R. A. 257.   For a discussion of a guarantor as security, see Ann. Cas. 1914 D 627.   See, also, under (1) 20 Cyc 1400; 32 Cyc 20; (2) 20 Cyc 1461; (3) 3 C J. 808; 2 Cyc 693; (4) 20 Cyc 1471; (5) 20 Cyc 497, 784, 796; (6) 20 Cyc 597.