HAWKINS ET AL. *v.* MEYER-KISER CORPORATION.

[No. 13,051. Filed October 25, 1927. Rehearing denied January 5 1928. Transfer denied July 18, 1928.]

*Condo & Batton,* for appellants.

*VanAtta & Clawson* and *Stricler & Messick,* for appellee.

NICHOLS, J.—Action by appellee to recover against appellants upon a written contract, which was in the form of a bond and which is made a part of the complaint. The only question that the court is called upon to consider in deciding this appeal is the correctness of the ruling of the court below in sustaining appellee's demurrer to appellants' second paragraph of answer. If this ruling be correct, the cause should be affirmed;

if incorrect, then it should be reversed. If the contract sued upon be a contract of suretyship, the ruling of the court upon appellee's demurrer to the second paragraph of answer is correct; if the contract sued upon is one of strict guaranty, then the action of the court below was erroneous, and the cause should be reversed. This is conceded by both appellants and appellee. So, this appeal resolves itself purely into a matter of the construction which the court may put upon a written contract which is in the form of a bond. The bond involved, after reciting the purchase by the Elam Paper Company of certain Maxwell automobiles on the deferred payment plan from the Baker-Morris Auto Company, and the application by the latter to appellee for the financing and sale of the deferred payment paper, being notes executed by the Elam Paper Company, binds appellants, together with one S. L. Elam, separately and severally, unto appellee in the penal sum of $4,282.40, payable on or before June 29, 1924. The condition of the bond is then stated to be as follows:

"Providing always, however, that should said Elam Paper Company well and faithfully pay said notes above alluded to . . . these presents are to be of no force and effect, otherwise, to remain in full force and effect."

The bond is executed by the Elam Paper Company, a corporation, and all of appellants, together with the said S. L. Elam. It is averred in the second paragraph of answer that appellee wholly failed to give appellants notice of the default in the payment of the note or that it intended to look to them for payment so that at the time they might have taken some steps to protect themselves and thereby save themselves from loss by reason of such guaranty contract, that at the time of such default, the Elam Paper Company was solvent and able to pay its obligations and continued so to be for some

time thereafter, when it became insolvent, and that, by reason of the failure to give them notice of such default, they were damaged in the full amount of appellee's claim. It is also averred that appellee could have fully protected itself by means of a chattel mortgage which it held at the time of such default, but that it wholly failed so to do.

It is appellants' contention that the contract sued on is one of strict guaranty as defined by the courts in Indiana, and not a contract of suretyship as contended by appellee, and that, therefore, appellants were entitled to notice of default in the payment of any of the notes referred to in the bond on the part of the Elam Paper Company; and that, if as alleged in their second paragraph of answer, appellants were not notified by appellee of the default in the payment of any of said notes, and they thereby suffered damages to the amount claimed by appellee in its complaint, they are discharged from any liability. There is a full discussion of this question in *Young* v. *Merle & Heaney Mfg. Co.* (1915), 184 Ind. 403, 407, 110 N. E. 669, on the authority of which this case must be reversed. In that case, on the distinction between contracts of guaranty and suretyship, the court quotes with approval from *Furst & Bradley Mfg. Co.* v. *Black* (1887), 111 Ind. 308, as follows:

"Where the form of the contract is that of an original and absolute undertaking to pay the debt of another, the liability of the promisor is that of a surety; but where the agreement is that another shall pay in the first instance, and the promisor becomes liable only for the default of the other the contract is one of strict guaranty."

The contract there involved was in the form of a bond, with an obligation to pay $2,000, conditioned that if one Caufield should perform certain covenants, the obligation should be void, otherwise to remain in full

force and effect. It was held that the contract was one of guaranty and not of suretyship, and that the guarantor was entitled to timely notice that she might take steps to protect herself. In this case, the contract is in the form of a bond, the obligors agreeing to pay $4,282.40, conditioned that if the Elam Paper Company should well and faithfully pay certain notes "these presents are to be of no force and effect, otherwise to remain in full force and effect."

We hold that the contract is one of guaranty and not one of suretyship.

Reversed.

Dausman, J., absent.